STANLEY A. KUTA, AND STANLEY A. KUTA BY ANTON KUTA, HIS NEXT FRIEND, APPELLANT, V. ALICE M. KUTA, APPELLEE.
47 N. W. 2d 558

Filed April 26, 1951. No. 32943.

 ██ 

*Davis & Vogeltanz,* for appellant.

*Rose & Clinch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for divorce by Stanley A. Kuta personally and by Anton Kuta, his next friend, plaintiff and appellant, against Alice M. Kuta, defendant and appellee. As his reason for instituting the action by next friend as well as personally plaintiff pleaded that he was under guardianship through proceedings in the county court of Hall County, Nebraska, and that C. E. Grundy was his guardian by appointment dated March 7, 1947. The action was tried and at the conclusion of the trial a divorce was denied by decree of the court.

A motion for new trial was filed which was overruled. From the decree and the order overruling the motion for new trial the plaintiff has appealed.

As grounds for divorce the plaintiff alleged that the defendant had abandoned and deserted him for a period of more than two years and she had been guilty of acts including the abandonment which amounted to cruelty.

The defendant by answer denied the allegations of abandonment and desertion and of cruelty. She sought no cross relief but asked only that the relief prayed by the plaintiff in his petition be denied.

She admitted that the plaintiff was under guardianship but did not plead this as a disability of the plaintiff to maintain his action.

No evidence whatever was adduced by either party indicating the nature or character of the guardianship and none was offered which in anywise disclosed the mental qualities or characteristics of the plaintiff either before or at the time of the trial. There is incidental

reference to the guardianship by the defendant in the bill of exceptions but no suggestion by her that the plaintiff was incompetent. The only direct reference to the guardianship is an objection made at the commencement of the trial to any testimony on the ground that the plaintiff had been decreed to be an incompetent person and was still under the care and custody of the county court of Hall County, Nebraska, that he was incompetent, and that there was no provision of law whereby plaintiff was entitled to a divorce. This objection was overruled.

There is evidence that for a considerable period of time plaintiff had been working and going about in the manner of an ordinary person but neither party has sought to relate any of his activities either before or after guardianship to his mental condition or capacity.

The case was tried on the issues presented by the pleadings and after hearing a divorce was denied to the plaintiff on the ground that his evidence was not sufficient to sustain his cause of action.

In this court as in the district court the defendant seeks no affirmative relief. She however does again insist that the plaintiff, being under guardianship, is without right to, either in his own name or by next friend, maintain this action for divorce.

Therefore since the capacity of the plaintiff to sue has been raised and preserved we deem it necessary to pass upon this question before directing our attention to the merits of the pleaded cause of action.

As regards the duty of a guardian, section 38-502, R. S. 1943, provides: "* * * He shall appear for and represent his ward in all legal suits and proceedings, unless where another person is appointed for that purpose, as guardian or next friend."

There is nothing in the record to indicate that Anton Kuta had been appointed as either guardian or next friend of plaintiff for the purpose of representing him

in this action. Therefore under the terms of this statute the action was improperly instituted.

This court has said however that in such cases as this where there is a lack of capacity to sue and the lack appears on the face of the petition advantage thereof must be taken by the opposing party by demurrer and if not so taken advantage of the defect must be deemed to have been waived.

In Farrell v. Cook, 16 Neb. 483, 20 N. W. 720, 49 Am. R. 721, it was said: "A demurrer upon the ground that the plaintiff has not legal capacity to sue will lie only when it appears on the face of the petition that the plaintiff is under legal disability, such as infancy, idiocy, want of authority, etc. * * * There is nothing in the petition showing the personal disability of the plaintiff to maintain the action, and the first ground of demurrer is not sustained."

This is a case, as is observable, where it was held that lack of capacity not appearing on the face of the petition a demurrer on the ground of lack of capacity to sue was not proper. This is the converse of the rule where the lack of capacity does appear.

In State v. Moores, 58 Neb. 285, 78 N. W. 529, this court said: "If the question cannot be now raised, it must be because it goes, not to the sufficiency of the information to state a cause of action, but only to the legal capacity of the plaintiff to sue. The latter defect must, when it appears on the face of the petition, be suggested by special demurrer on that ground or it will be waived."

In Gentry v. Bearss, 82 Neb. 787, 118 N. W. 1077, after referring to certain sections of the statutes which reference we deem unnecessary to repeat here, this court said: "The construction which these sections have received by this court makes it clear that lack of capacity to sue, if disclosed upon the face of the petition, will be waived unless taken advantage of by demurrer. * * * The petition in this case clearly shows upon its face the

plaintiff's lack of capacity to sue. The defendants failed to demur and thereby waived this defense."

In the case before this court the plaintiff pleaded the thing of which the defendant complained. She failed to demur. Her objection came too late. She by the lateness of her objection waived any right to contend that the plaintiff lacked capacity to maintain the action.

As pointed out one of the grounds of action is desertion. As to this ground there is no evidence whatever to support it. The plaintiff had been in the military service and was discharged probably late in 1944 or early in 1945. The record furnishes no authentic information in this respect. From that time forward for a period of probably about 15 months he spent most of his time in United States government hospitals. Thereafter he left the hospital. After leaving the hospital he moved about and was at home a part of the time and away a part. There is no certainty in the testimony in this respect. At some time, probably early in 1947, he went back to the hospital where he remained until about October of that year. His testimony of activities thereafter is again uncertain and indefinite. He testified that the defendant chased him out. This he indicated occurred early in February of 1947. He also testified that the defendant refused to live with him as his wife but no reasonably clear information was furnished on this subject.

There is likewise a lack of evidence of probative value that the defendant was guilty of cruelty upon or toward the plaintiff. The most that was shown or attempted to be shown was that on two or three occasions she was seen in the company of men, that on one occasion she responded to an automobile horn at night and remained outside for about an hour, and that she refused to live with him as his wife.

There was no evidence of wrongdoing in connection with the incidents relating to the men and to the call

from the house. There is just his word that she refused to live with him as his wife.

Even if the evidence adduced may be regarded as of probative value in support of the alleged grounds for divorce set forth in the petition still the plaintiff is not entitled to a divorce. His evidence stands without corroborative evidence or circumstance.

Under the statutes of this state and the decisions of this court a divorce may not be decreed on the declarations of a party alone. Such declarations must be supported by other satisfactory evidence. § 42-335, R. S. 1943; Nuss v. Nuss, 148 Neb. 417, 27 N. W. 2d 624; Strasser v. Strasser, 153 Neb. 288, 44 N. W. 2d 508; Peterson v. Peterson, 153 Neb. 727, 46 N. W. 2d 126.

The decree of the district court is affirmed.

AFFIRMED.