JO ANN LEES, APPELLEE, v. DEANE HERVEY LEES, APPELLANT.

57 N. W. 2d 279

Filed March 13, 1953. No. 33271.

*Mothersead, Wright & Simmons,* for appellant.

*W. H. Kirwin,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for divorce by Jo Ann Lees, plain-

tiff and appellee, against Deane Hervey Lees, defendant and appellant.

The action was tried to the court at the conclusion of which a decree was entered granting the plaintiff a divorce, custody of the two minor children of the parties, certain allowances for the support of the children, and attorney's fees and costs. By the decree a division of property was also made.

A motion for new trial was filed which was over-ruled. From the decree and the order overruling the motion for new trial the defendant has appealed.

Five assignments of error are set forth as grounds for reversal. The first assignment is as follows: "The district court erred in granting divorce to plaintiff without sufficient grounds therefor." The second is as follows: "The district court erred in granting divorce without corroboration."

The grounds for divorce as they appear in the petition are: "* * * the defendant, disregarding his duties as a husband, has been guilty of extreme cruelty towards the plaintiff; that he has struck and beaten the plaintiff, quarreled with and nagged at the plaintiff, and generally has been guilty of a course of conduct of a cruel and abusive nature towards the plaintiff."

The defendant denied these allegations and prayed for dismissal of the petition.

The plaintiff testified in her own behalf in support of the allegations of cruelty contained in the petition. Her testimony tended generally to support her allegations. Whether or not it would be regarded as sufficient to sustain a decree of divorce, if corroborated, which is doubtful, we are not required to and accordingly do not decide for the reason that it stands wholly without corroboration.

The only other witness called by plaintiff was her father. All that he said bearing on this subject appears in the following from the bill of exceptions: "Q With particular reference to your visits in Austin, Texas, what

did you notice about the treatment of your daughter by Mr. Lees? Just state to the Court what you observed. A Well, I know they wasn't getting along, and I could lay—while I was laying in bed I could listen to the conversation, that was pretty tough to lay there and take, but I put up with it because I wanted to see my grandchildren. Q What was said and what was the attitude of the Defendant, Deane Hervey Lees, toward your daughter at that time? Just describe to the Court what was going on. A Well, they were very unhappy, that I could see. That's—They tried to put up a front to me that they were happy together, but you could see that they weren't, and listening to the conversations I knew that there was something wrong, but I wouldn't interfere. Q What did you notice about his attitude toward your daughter during that time? A Well it was very cool I would say."

This evidence of course on its face fails to corroborate any special or general charge of cruelty against defendant. Under the rule that a divorce may not be decreed on the declarations of a party alone the district court erred in granting a divorce to the plaintiff. § 42-335, R. R. S. 1943; Nuss v. Nuss, 148 Neb. 417, 27 N. W. 2d 624; Kroger v. Kroger, 153 Neb. 265, 44 N. W. 2d 475; Kuta v. Kuta, 154 Neb. 263, 47 N. W. 2d 558.

This conclusion renders unnecessary any consideration of the other assignments of error.

The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.