LINDA KAY THOMPSON, APPELLANT, v. JOHN E. THOMPSON, APPELLEE.

127 N. W. 2d 729

Filed April 17, 1964. No. 35640.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Linda Kay Thompson, plaintiff and appellant, wherein she seeks a decree of divorce from John E. Thompson, defendant and appellee, on the ground of alleged cruelty. Issues were joined and the case tried, and a divorce was denied. A motion for new trial was filed by the plaintiff which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed. The only question presented for consideration is that of whether or not the evidence adduced was sufficient to sustain an adjudication granting a divorce to the plaintiff.

The cruelty alleged by the plaintiff is that: "The Defendant for a long period of time, without just cause or provocation has been guilty of gross and extreme cruelty toward the Plaintiff in that he has cursed and physically and mentally abused her making the Plaintiff extremely nervous and has destroyed the legitimate ends of matrimony."

An answer was filed in which the defendant denied generally the allegations contained in the plaintiff's petition. On the trial the only evidence adduced was on behalf of the plaintiff. There was no examination of plaintiff's witnesses on behalf of the defendant.

A rule applicable in the consideration and determination of this case is that a divorce case is tried de novo on the record in this court, and this court is required to reach independent conclusions of fact without reference to findings made by the trial court. Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507. Another rule to which

adherence is required is the following: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose." § 42-335, R. R. S. 1943.

Still another rule is applicable. It is the following: "There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of a husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty." Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148. See, also, Green v. Green, 148 Neb. 19, 26 N. W. 2d 299.

The plaintiff in support of her charge of cruelty charged the defendant with practically daily lying and arguing with her mostly about money and that on one occasion the defendant lost control of his temper and pushed her around. The time was not stated. She said he did this more than once. Neither the time nor specific circumstances of any such incidents were described. She said that in October the defendant took another girl out, and that he would, once in a while, go out in the evening and come home drunk. She said that at the time of the trial he was dating. This she said that she knew because he told her so.

She testified in general terms that he was unkind and maintained an attitude toward a child of the parties which was disturbing to the peace and the welfare of the parties. She also testified that the separation came about at her request.

This is a summary of the total testimony of the plaintiff on the trial of the case to support her charge of cruelty.

As a witness in her behalf she called Janice Arlene Poore, a sister. She gave no testimony which was related to any described incident but only as to a general condition. In response she described the attitude of the

parties as like "A couple of cats most of the time." She said that the defendant was moody and sullen most of the time and that they never did get along.

One Dixie Whitt, a friend of the plaintiff, testified in her behalf. She testified to no particular incident of difficulty between the parties. Substantially her testimony was that she frequently heard arguments between the parties; that these arguments would be about nothing in particular and would be started by the defendant; and that the plaintiff is nervous.

It is on the basis of the evidence thus summarized that the plaintiff contends that the court erred in denying her a decree of divorce. The finding on which a decree of divorce was denied was: "The Court being fully advised in the premises finds that there is insufficient evidence presented on behalf of Plaintiff to justify the granting of a divorce herein, and thus finds that the prayer of Plaintiff's Petition should be denied."

It may be said that no specific act of cruelty charged to the defendant which has been testified to finds corroboration in the record made in the case. In the light therefore of the statute to which attention has been called herein it must be said the district court came to the correct conclusion because of absence of corroboration, unless it may be said the general statement of the plaintiff amounted to satisfactory evidence of the facts alleged in the petition, and the testimony of one or both of the two witnesses called amounted to corroboration of these facts.

It does not appear from the observations made in the cases examined that the evidence which came from the witnesses of the plaintiff in this case could be regarded as corroborative of the charge of cruelty made by plaintiff within the meaning of section 42-335, R. R. S. 1943, and the interpretations thereof. These interpretations require that testimony to be effective as corroboration must be as to asserted facts, and not, as here, only of conclusions and inferences. See, Kuta v. Kuta, 154 Neb.

263, 47 N. W. 2d 558; Lees v. Lees, 156 Neb. 664, 57 N. W. 2d 279; Hines v. Hines, 157 Neb. 20, 58 N. W. 2d 505; Pestel v. Pestel, 158 Neb. 611, 64 N. W. 2d 299; Goodman v. Goodman, 168 Neb. 841, 97 N. W. 2d 336.

The conclusion reached is that the judgment of the district court should be, and it is, affirmed.

AFFIRMED.