GOLDIE M. KUTA, APPELLANT, v. EMIL L. KUTA, APPELLEE.

143 N. W. 2d 751

Filed June 24, 1966.   No. 36239.

Kelly & Kelly, for appellant.

Wagoner & Grimminger, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

SPENCER, J.

This is a divorce action brought by Goldie M. Kuta, hereinafter referred to as plaintiff, against Emil L. Kuta, hereinafter referred to as defendant. The defendant filed a cross-petition. The trial court found that both parties were equally guilty, and dismissed the petition and the cross-petition.

Plaintiff accused the defendant of extreme physical and mental cruelty, the use of violent and obscene language, excessive use of alcoholic liquors, and with locking the plaintiff out of the house on certain occasions. Plaintiff's corroboration was very meager. Her only corroborating witness was her mother, who testified to the use of alcohol by the defendant, the use of obscene language, and to having observed bumps on plaintiff's head and ankles which she interpreted to be the effects of physical violence used by the defendant on the plaintiff.

The parties were married June 19, 1950, and have five children. From 1959, after the birth of the last child, until shortly before the trial, the plaintiff was employed in supper clubs in and around Grand Island. This employment took her out of the home during the evening from 9 p. m. until approximately 1:45 a. m. Defendant testified that plaintiff on many occasions did not reach home until after 3 or 3:30 a. m., and on some occasions did not reach home until 5 or 6 a. m.; that she was not a very good housekeeper; and that she was unduly familiar with another man who was called as a witness by the defendant. Defendant testified to seeing plaintiff in the car of this witness on two separate occasions. He also testified to seeing plaintiff's car parked within a half block of the witness' apartment between 2 a. m. and 6 a. m. on one occasion. This witness admitted that he had coffee with the plain-

tiff approximately two or three nights a week after she got off work, but that it was always in public places. Plaintiff admitted that she had on occasions had coffee with the witness, but denied any indiscretions, and particularly denied that she had ever been at the apartment of the witness.

This cause is before us for trial de novo on the record, and this court is required to reach independent conclusions of fact without reference to findings made by the trial court. Thompson v. Thompson, 176 Neb. 852, 127 N. W. 2d 729.

The evidence, while the corroboration is very weak, if accepted would sustain a finding of extreme cruelty on the part of the defendant. The evidence would equally justify a finding that the plaintiff has been guilty of indiscretions sufficient to constitute extreme cruelty. This then is a situation where the record supports a finding that both parties are not without fault. In Studley v. Studley, 129 Neb. 784, 263 N. W. 139, we said: " 'A court of equity will not grant a divorce to one whose conduct has been such as to furnish sufficient grounds for divorce, even if the conduct of the other party has been grossly more culpable. In such case the court will deny relief to either.' "

Plaintiff seeks to avoid the operation of this rule by reference to Cowan v. Cowan, 160 Neb. 74, 69 N. W. 2d 300, in which we held that the physical abuse and cruelty by the defendant of the plaintiff transcended and outweighed the other alleged acts of the parties. The cases are not comparable. Further, the physical abuse herein is not sufficiently corroborated to justify the application of that rule.

The evidence herein is in conflict. The observations of the trial judge indicate that he gave credence to portions of the testimony of both of the parties. In any action for divorce, if the evidence is principally oral and is in irreconcilable conflict and the determination of the issues depends upon the reliability of the respec-

tive witnesses, the conclusion of the trial court as to such reliability will be carefully regarded by this court on review. Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156.

The conclusion of the trial judge that both parties are equally guilty is sustained by the record. The judgment herein is affirmed.

AFFIRMED.