BETTY BUCHANAN, APPELLANT, v. JAMES L. BUCHANAN, APPELLEE.

180 N. W. 2d 886

Filed November 6, 1970. No. 37573.

John McArthur, for appellant.

Gerald J. Hallstead, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a divorce action. Decree of divorce was awarded to defendant, with an award of child support and alimony to plaintiff. Decree was entered on December 15, 1969, motions for new trial entered by both parties, and on January 5, 1970, the court entered an order stating consideration would be given to modification of the decree on the motion of the court and setting a time for rehearing. Hearing was had and thereafter on February 10, 1970, a modified decree was entered reducing somewhat the amount of child support and ali-

mony granted. Both the original and the modified decree were entered at the September 1969, term of court.

Plaintiff's only assignment of error challenges the authority of the court to modify the decree on its own motion. No additional evidence was taken. It appears that the court simply came to the conclusion that the original determination of the case was in some respects erroneous and, in the interests of justice, should be modified. The prevailing rules governing such a situation appear in Morgan v. Weiner, 173 Neb. 715, 114 N. W. 2d 720, and Beliveau v. Goodrich, 185 Neb. 98, 173 N. W. 2d 877. A district court has inherent power to vacate or modify its own judgment at any time during the term at which it is rendered. Such action rests in the sound discretion of the court and, in the absence of an abuse of discretion, will not be interfered with.

When, in a case tried to the court and determined on its merits, the court after entry of decree, upon due reflection, arrives at the conclusion that an erroneous or unjust decree has been entered and modifies or sets it aside, no question of an abuse of discretion can arise. The only question presented is whether the final determination is right or wrong, just or unjust, on the merits. Strictly speaking, the assignment of error does not succeed in raising the question of the correctness of the court's final determination. Yet, this appears to be the primary basis of plaintiff's argument and this being a divorce case and entitled to de novo consideration in this court, we will consider it from that standpoint. The only complaint which appears to be seriously urged is the reduction in alimony from the $16,000 allowed in the original decree to the $13,000 allowed in the final decree.

Both parties are 45 years of age. Plaintiff is a registered nurse and defendant a pharmacist. Plaintiff works 2 days a week and earns about $250 per month. Defendant's net income amounts to approximately $22,000 annually. His business valued at $35,000 to $45,000 was subject to an encumbrance of $4,950 which he was

paying at the rate of $400 per month. The home was valued at $20,000 to $21,000 and was subject to a mortgage of $11,851, with monthly payments of $83.43 exclusive of insurance and taxes in the annual sums of $62 and of $525 respectively. Other debts amounted to about $1,000. Net assets of the parties were valued by plaintiff at $60,347.57 and by defendant at $51,347.57. The final decree entered by the court awarded to plaintiff property and alimony amounting to $23,249 according to plaintiff's values and $24,249 according to defendant's values. This means that plaintiff will receive 38.5 percent or 47.2 percent of the estate, depending on whether plaintiff's or defendant's figures are adopted. The mean would be 42.8 percent.

In view of this record, the assets of the parties, their ages and earning abilities, and the respective contribution of the parties toward the breaking up of the marriage relationship, we are unable to find any abuse of discretion on the part of the trial court and on trial de novo have concluded that a fair and just division of assets was made by the trial court. In an action for divorce, if the evidence is principally oral and is in irreconcilable conflict and the determination of the issues depends to a reasonable extent upon the reliability of the respective witnesses, the conclusions of the trial court as to such reliability will be carefully regarded by the Supreme Court on review. See Kuta v. Kuta, 180 Neb. 443, 143 N. W. 2d 751.

No error appearing in this record, the judgment of the district court is affirmed. Plaintiff's attorney is allowed $300 for his services in this court, and costs, including attorney's fee allowed, are taxed to the defendant.

AFFIRMED.