ARDENE I. SEES, APPELLANT, V. WAYNE W. SEES, APPELLEE.

199 N. W. 2d 496

Filed July 14, 1972. No. 38380.

Fisher & Fisher, for appellant.

Edmund Hollstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a divorce action by plaintiff, Ardene I. Sees, against the defendant, Wayne W. Sees. The district court granted a divorce and custody of the minor child to the plaintiff. The plaintiff has appealed solely on the ground that the provisions for property division and child support were insufficient.

Plaintiff and defendant were married in 1961 and

are the parents of one daughter born in 1962, who was 9 years of age at the time of trial. The plaintiff was a beauty operator. She was 39 years old. She had two children by a former marriage for whom she received veteran's or social security payments of $248 per month. She had purchased the residence in which the parties lived. The house was in Gordon, Nebraska, and title was in her name. Evidence as to the value of the residence ranged from $16,000 to $26,000. She operated her beauty shop in the residence. During the 10-year period of the marriage, the plaintiff's net income from her beauty shop operation had reached a peak of $2,035.28 in 1966, but for the 3 years preceding the trial, had averaged a little less than $125 a month.

The defendant was a 46-year-old farmer who owned no land but farmed on 470 acres of land located near Gordon under a partnership arrangement with his parents who owned and lived on the land. The defendant's net income from his farming operations had varied from a loss of $1,197.97 in 1964 to a profit of $6,865.04 in 1969. His average net income for the 3 years preceding trial was approximately $6,250 per year plus an average capital gain from sale of breeding stock of slightly over $800 per year. His financial statement to his bank in July of 1971 showed a net worth of a little over $20,000, which included a pickup truck valued at $1,875 and a Ford automobile valued at $2,550, both of which were jointly owned by plaintiff and defendant. The balance of defendant's assets consisted of livestock and farm machinery.

There were constant financial disputes during the marriage which were the principal basis of the charge of extreme cruelty. The evidence is contradictory and confusing as to expenditures made by the parties. The plaintiff did pay the loan payments and taxes on the residence. Testimony as to the cost of maintaining the 9-year-old daughter was also contradictory, disordered, and confusing.

The court quieted title to the residence in the plaintiff, subject to existing indebtedness. The court also awarded all of the household goods and furnishings and the 1970 Ford automobile to the plaintiff. The defendant was awarded his livestock, equipment, hay, and personal property used in connection with the farm operation, including the pickup truck. He was also required to pay his indebtedness of $3,000 to the bank, all household debts of the parties incurred prior to April 2, 1971, and any medical or dental expenses of the plaintiff or the daughter to date of trial. The decree fixed the amount of child support for the minor daughter at $75 per month and also directed that the defendant was to maintain a medical hospitalization policy for the child. Attorney's fees of $350, plus costs, were also assessed to the defendant.

The division of property and allowance of alimony and child support in divorce actions are always to be determined by the facts in each case, and courts will consider all pertinent facts in reaching an award that is just and equitable. See Foltyn v. Foltyn, 180 Neb. 42, 141 N. W. 2d 433. The parties agree on the rules, but disagree in their interpretaton of the facts.

Plaintiff contends that the trial court erred in failing to grant a new trial on the grounds of newly discovered evidence. Two months following the trial, an affidavit of plaintiff's brother was filed stating that there was a large quantity of hay on the farm operated by the defendant. The affiant had been a witness at the trial. Neither the affiant nor the plaintiff suggest any reason whatsoever why complete evidence as to the extent and value of the defendant's interest in any hay was not easily and fully available at time of trial. The action of the district court in refusing a new trial on the grounds of newly discovered evidence was clearly correct.

Plaintiff complains also that the child support of $75 per month is totally inadequate. While the evidence

was to some degree conflicting and confusing, we believe the trial court was in a better position to assess the local situation with respect to costs, as well as to apply that knowledge to the facts and circumstances of this case. In an action for divorce, if the evidence is principally oral and is in irreconcilable conflict and the determination of the issues depends to a reasonable extent upon the reliability of the respective witnesses, the conclusions of the trial court will be given great weight, and will not be disturbed on appeal unless good cause is shown. See, Buchanan v. Buchanan, 186 Neb. 89, 180 N. W. 2d 886; Martin v. Martin, *ante* p. 393, 197 N. W. 2d 388.

The determinations of the district court were correct and are affirmed. The plaintiff is allowed a fee of $350 for the services of her attorney in this court.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent herein because I feel the award to the plaintiff, and the child support, were inadequate on the record.