CONNIE FANNING, AS ADMINISTRATRIX OF THE ESTATE OF LARRY FANNING, DECEASED, APPELLEE, V. EUGENE L. RICHARDS, ET AL., APPELLANTS.
CONNIE FANNING, APPELLEE, V. EUGENE L. RICHARDS ET AL., APPELLANTS.
227 N. W. 2d 595

Filed April 3, 1975. Nos. 39685, 39686.

David A. Johnson, Ronald H. Stave, and Emil F. Sodoro, for appellants.

Owens & Owens and Peter E. Marchetti, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and McCOWN, JJ., and LYNCH and BURKE, District Judges.

PER CURIAM.

The defendants appeal from orders of the trial court vacating orders of dismissal without prejudice. The orders vacating the orders of dismissal and reinstating the cases on the trial docket were made during the same term of court in which the earlier orders of dismissal were made.

The only issue is whether the trial court abused its discretion in vacating the orders of dismissal and reinstating the cases on the trial docket.

A District Court has inherent power to vacate or mod-

ify its own judgment at any time during the term at which it is rendered; such action rests in the sound discretion of the court and, in the absence of an abuse of discretion, will not be interfered with. Buchanan v. Buchanan, 186 Neb. 89, 180 N. W. 2d 886.

A much stronger showing is required to substantiate an abuse of discretion when the judgment is vacated than when it is not. Beliveau v. Goodrich, 185 Neb. 98, 173 N. W. 2d 877; Coates v. O'Connor, 102 Neb. 602, 168 N. W. 102; Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026.

Trial courts, faced with growing case loads, must be free to adopt rules and procedures designed to move a case from filing to disposition, whether that disposition be by settlement, guilty plea, dismissal, trial, or other method. Because of the individualized nature of the administration of justice, trial courts must necessarily be given wide discretion to ensure that the goal of timely disposition of cases is reached in a manner consistent with fairness to all parties. Assurance of quality in the judicial process is as important as speedy disposition.

We find no abuse of discretion.

Plaintiffs' counsel resided 350 miles from Douglas County and was not familiar with the rules of court of the Fourth Judicial District. The cases were at issue and plaintiffs' counsel mistakenly believed that a certificate of readiness for trial had been filed with the court administrator.

The court rule under which the orders of dismissal were entered was not offered in evidence and is not included in the bill of exceptions. While this court may not take judicial notice of District Court rules, Simmons v. Murray, 189 Neb. 695, 204 N. W. 2d 800, it is apparent that the orders of dismissal were entered under the common procedure that allows the court under court rule to dismiss cases for lack of progress after a specified time interval. See § 25-1149, R. R. S. 1943.

These dismissal procedures entail no supervision of intermediate stages of case progress and no sanctions are

imposed until the "no progress" time interval is exceeded. If dismissal action is taken by the court, the court knows that litigants may be punished through no fault of theirs. Consequently, the court may hesitate to impose the sanction or, if it does impose the sanction, the court may later reinstate the case in the "interests of justice." As a result, the sanction loses credibility and the procedure loses its effectiveness.

The American Bar Association Commission on Standards of Judicial Administration recently concluded a study that covered among other matters the precise "no progress" procedure involved in this appeal and made this interesting observation: "A caseflow management system incorporating time standards and case monitoring eliminates the need for a periodic 'no-progress' review of old cases which should have been disposed of by encouraging cases to move in an orderly and timely fashion. Proper caseflow monitoring keeps track of the progress of each case through each stage of litigation. Thus, a case does not get lost in a void only to come to the court's attention late in the life of the case when dismissal is imminent." A.B.A. Commission on Standards of Judicial Administration, Supporting Studies - 2, Caseflow Management in the Trial Court, p. 52 (1973).

Costs of this appeal are taxed to the appellees.

AFFIRMED.