WESLEY BROWN AND PRINCIE BROWN, APPELLANTS, V. METROPOLITAN UTILITIES DISTRICT, APPELLEE.

338 N.W.2d 787

Filed October 7, 1983. No. 82-835.

Wadie Thomas, Jr., for appellants.

Randall W. Owens of W. L. Strong, Thomas A. Wurtz, Randall W. Owens, Daniel G. Crouchley, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The plaintiffs appeal from the order of the District Court sustaining the defendant's motion to dismiss made at the close of the plaintiffs' evidence. The ac-

tion had been filed on March 3, 1980, to recover damages resulting from a break in a water main on March 4, 1978, and again on March 16, 1978, alleged to have been caused by the negligence of the defendant.

The case was placed on the dismissal docket on January 22, 1982, because there had been no activity in the case for more than 1 year. On February 24, 1982, the trial court ordered that the case be removed from the dismissal list on condition that the plaintiffs file a certificate of readiness for trial within 1 week.

On March 3, 1982, the plaintiffs filed interrogatories which were mailed to the defendant on that date. On March 4, 1982, the eighth day after the conditional order of February 24, 1982, the plaintiffs filed a certificate of readiness for trial which, among other things, recited that "all discovery proceedings including depositions and other necessary preparation has [sic] been completed."

The case went to trial on October 20, 1982. The plaintiffs introduced no evidence in support of their allegations that the negligence of the defendant had caused damage to their property. The plaintiffs do not contend that it was error for the trial court to dismiss the action at the close of their evidence.

The plaintiffs contend that it was error for the trial court to strike their interrogatories. No such order appears in the transcript filed in this court. In any event, the certificate of readiness for trial, filed by the plaintiffs on March 4, 1982, waived any right to further discovery.

The case had been pending for 2 years when the certificate of readiness for trial was filed. The plaintiffs' present counsel is the third lawyer to appear of record for the plaintiffs. The record indicates that a fourth lawyer had represented them in 1979. The damage was alleged to have occurred in 1978. There is nothing in the record to justify the delay in preparation for trial which occurred.

A trial court may adopt rules and procedures de-

signed to move cases from filing to disposition, whether disposition is to be by dismissal, trial, or other method. *Fanning v. Richards*, 193 Neb. 431, 227 N.W.2d 595 (1975).

It is quite apparent in this case that the plaintiffs made no preparation for trial until after the case had been placed on the dismissal list, 2 years after the filing of the petition. The trial itself did not commence until more than 7 months after the certificate of readiness for trial was filed. At that time, more than $4\frac{1}{2}$ years after the damage was alleged to have occurred, the plaintiffs were unable to produce any evidence in support of their allegations that the cause of the damage was the negligence of the defendant.

The record shows no abuse of discretion. The judgment of the District Court is affirmed.

AFFIRMED.