W & K Farms, Inc., appellant, v. Hi-Line Farms, Inc., and Aaron R. Walter, appellees.

416 N.W.2d 10

Filed November 25, 1987. No. 86-068.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Richard L. Spittler, for appellees.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, and Grant, JJ., and Colwell, D.J., Retired.

Hastings, C.J.

Plaintiff has appealed from an order of the district court, which denied its motion for 6 additional days to file a second amended petition. It assigns as error that (1) the trial court erred in finding an order entered by it on August 16, 1985, was a self-executing order; (2) the trial court erred by vacating on its own motion an earlier order entered directing the defendant to file a responsive pleading to plaintiff's second amended petition; and (3) the trial court erred by overruling plaintiff's motion to cure default by extending the time in which to file a second amended petition by 6 days.

This case is a procedural nightmare, brought about by the simple expediency of counsel's ignoring or failing to abide by the time restrictions ordered by the court. In addition, the transcript consists of two parts, making it extremely difficult to

follow the sequential filings and progression of this case in any logical order.

The plaintiff filed a petition on April 9, 1985, against the defendants, Hi-Line Farms, Inc., and Aaron R. Walter, as president, sole stockholder, and sole assignee of the corporation's assets. The petition sought collection of a promissory note.

An April 25, 1985, special appearance by Hi-Line was sustained for the reason that the corporation had been dissolved for nonpayment of taxes. The demurrer of Aaron Walter was filed on April 26. On May 17 the court sustained both the special appearance and the demurrer, and plaintiff was given 20 days to file an amended petition.

Some *32* days later, on June 18, an amended petition was filed by the plaintiff without having attempted to obtain special leave of the court until that date, and which was sought, apparently, in response to a motion for dismissal.

Defendant Walter then filed, on July 25, 1985, an extensive motion to strike certain portions of the amended petition, which was sustained by the court on August 16, by order filed on August 19, granting plaintiff "20 days to file its Second Amended Petition and upon its failure to do so, this matter shall stand dismissed." Plaintiff filed a second amended petition on September 11, again without special leave of the court, which was some *6* days after the deadline imposed by the court.

On October 23, "in control[ling] its own docket," the court opened the file to the last pleading—the second amended petition—and in its own motion directed Walter to file a responsive pleading within 20 days. Walter then filed, on November 12, within that court-directed timeframe, a special appearance, served on plaintiff on November 8, on the theory that the court's *self-executing* order of August 16, which required plaintiff to file its second amended petition within 20 days, had not been complied with, and therefore the action stood dismissed as of September 5.

On November 26 plaintiff filed a motion for the extension of the time to file its second amended petition "six days from Thursday, September 5, 1985 to Wednesday, September 11,

1985." It was supported by affidavit of counsel that although the order directing plaintiff to file a second amended petition was entered on August 16, counsel did not receive a copy of the order until August 19; that counsel calculated the 20 days' deadline from August 19, rather than August 16 (a discrepancy of 3 days, not 6 days); and that the pressures of other work and a heavy amount of dictation prevented the plaintiff's amended pleading from being "transcribed until September 9" and did not permit it to be "mailed for filing until September 10." As a matter of fact, it was not received by the clerk's office, located in the same city as the office of plaintiff's counsel, until September 11.

The matter becomes more confusing. On the trial docket, the judge's notes of December 13, 1985, vacated and set aside the court's order of October 23 directing defendant to file a responsive pleading; the special appearance (of Walter) filed November 12 was sustained; the motion (of plaintiff) filed November 26 for an order extending the time to file a second amended petition was overruled; the special appearance of Hi-Line Farms, Inc., filed December 11 (which does not appear in the transcript) was sustained because Hi-Line Farms previously had been dissolved; and the special appearance of defendant Walter to the petition filed November 26 (neither pleading appearing in the transcript) was overruled, and said defendant was given 20 days to plead to "said petition to vacate and set aside." Finally, on January 17, 1986, the judge's order (entered after the notice of appeal was filed) shows that the demurrer of the defendant Walter (not shown of record) was overruled, and he was given 20 days to answer, presumably the petition to vacate.

It is difficult to discern from just what the plaintiff is appealing. The notice of appeal mentions only the order overruling its motion for extension of time in which to file an amended pleading. Generally, such an order is not final because it does not dispose of the whole merits of the case and does leave something for the further consideration of the court. *Lake v. Piper, Jaffray & Hopwood Inc.*, 212 Neb. 570, 324 N.W.2d 660 (1982). Considering only the notice of appeal, plaintiff's action in prosecuting this appeal is premature because there has been

no judgment or final order in the court from which an appeal may be taken. *Federal Land Bank of Omaha v. Johnson, ante* p. 877, 415 N.W.2d 478 (1987). Such a conclusion would leave us with no alternative but to dismiss the appeal as premature.

However, plaintiff insists in its argument that because the trial court determined that its order of August 16 granting plaintiff a time certain in which to file an amended pleading, failing which the action stood dismissed, was a self-executing order, it had no jurisdiction to grant further relief. Therefore, plaintiff argues, the effect of that finding was that as of September 5 plaintiff's action was dismissed. If September 5 was the effective date of a dismissal order, a notice of appeal filed on January 13, 1986, by the plaintiff would be substantially beyond the statutory limitation, and this court acquires no jurisdiction.

Finally, we address the question of whether, in fact, the trial court's order was self-executing so as to cause a dismissal of the proceedings. We have held as recently as *Federal Land Bank of Omaha v. Johnson, supra,* that an order such as this, allowing a plaintiff a certain amount of time in which to plead further and, failing that, the case is automatically dismissed, is a conditional judgment only. " '[A] conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be.' " *Id.* at 879, 415 N.W.2d at 479-80.

The trial court could have denied plaintiff's motion for extension of time, which it did, and then order the action dismissed for failure to comply with the court's earlier order. That would have left no doubt in anyone's mind as to the finality of the order. We would then be called upon to determine whether, in dismissing the action rather than granting additional time to plead, the trial court acted within its proper discretion in imposing such a sanction so as to prevent undue delays and avoid congestion of the trial docket. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978).

There being no final, appealable order, the appeal is dismissed.

APPEAL DISMISSED.