BUILDING SYSTEMS, INC., A NEBRASKA CORPORATION, APPELLEE, V. MEDICAL CENTER, LTD., A NEBRASKA LIMITED PARTNERSHIP, ET AL., APPELLANTS.
RAYMOND L. LEMKE, APPELLANT, V. BUILDING SYSTEMS, INC., A NEBRASKA CORPORATION, APPELLEE.
WILLIAM VENARD ET AL., APPELLEES, V. YALE F. TRUSTIN ET AL., APPELLANTS.
YALE F. TRUSTIN ET AL., APPELLANTS, V. WILLIAM VENARD ET AL., APPELLEES.
BUILDING SYSTEMS, INC., A NEBRASKA CORPORATION, APPELLEE, V. TRUSTLAND COMPANY, A PARTNERSHIP, ET AL., APPELLANTS.
421 N.W.2d 773

Filed April 8, 1988.    Nos. 86-381, 86-382, 86-383, 86-384, 86-385.

Craig A. Knickrehm of Nelson & Harding, and Bruce H. Brodkey of Batt & Brodkey, for appellants.

Walter M. Calinger, for appellees.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and WOLF and McGINN, D. JJ.

HASTINGS, C.J.
Appellants (hereinafter defendants) in these five cases have appealed from an order of the district court which vacated a previous purported order to dismiss the cases. We affirm.

Two of these cases have been pending in excess of 8 years. Summary judgment was entered in favor of the plaintiffs in June of 1981. We reversed and remanded with directions to permit the defendants to file amended answers and setoffs. See *Building Systems, Inc. v. Medical Center, Ltd.*, 213 Neb. 49, 327 N.W.2d 95 (1982). The very little progression subsequent to

the remand included discovery by way of plaintiffs' taking of Raymond L. Lemke's deposition on May 5, 1983.

Various progression letters were issued by the court administrator of the district court during 1984 and 1985. On November 12, 1985, plaintiffs' counsel was permitted to withdraw from the case and present counsel entered his appearance.

On November 19, 1985, a hearing was held on the defendants' motions to dismiss for lack of prosecution. The following entry was made: "This entry applies to 768/76, 823/210, 810/183, 823/86. Certif[icate] of readiness will be filed w/in 120 day [sic] or this case and those referred to above, by this entry, are dismissed (SAD)."

On February 24, 1986, plaintiffs filed various motions requesting that they be allowed to amend their pleadings, have a referee appointed, and consolidate for trial. On March 3, 1986, the defendants filed a motion to compel answers to interrogatories and a motion to require production of documents.

A hearing on plaintiffs' motions was originally scheduled for March 18, 1986 (within 120 days of the November 19, 1985, order), but defendants agreed to attempt to reschedule that hearing and consolidate it with one originally scheduled for March 13, 1986. Plaintiffs' attorney found it necessary to be out of town at that time, so the March 13 hearing had to be rescheduled. The court's bailiff was contacted by the secretary for plaintiffs' counsel, but the court was no longer available for March 18. The first available date was April 22, 1986.

The cases were all dismissed on March 20, 1986, by entry of a dismissal by the clerk of the district court, apparently pursuant to rule 4K of the Rules of Practice for the Fourth Judicial District (rev. July 1985).

Rule 4K provides in pertinent part that

in all civil cases not certified as ready for trial within the time frames prescribed by this rule, the court administrator shall give notice by mail to each counsel and/or each party that, within thirty (30) days from the date of the notice, the case must be certified as ready for trial, unless the Court by order extends the filing of the

certificate to a specific date. If no certificate is filed within the prescribed time, the case will stand dismissed for lack of prosecution and the Clerk *shall* enter the dismissal. . . .
(Emphasis supplied.) Counsel for the parties were notified of the dismissal the following day.

On April 16, 1986, a hearing was held on plaintiffs' consolidated motion to reinstate, filed April 10, 1986. The court held an in-chambers conference with counsel and stated:

> Okay, my ruling is this. I am going to vacate my docket entry of November 19th. I am looking you in the eye and I am telling you that the spirit and specific language have now merged into this docket entry, and the docket entry will be the case will be certified for trial within 33 days or it will, by this entry, stand dismissed. And I want you, before you leave, to get a time for the trial of the case.

The subsequent docket entry, dated Friday, April 18, 1986, reads:

> 768-075 BUILDING SYSTEMS, INC., A NEBRASKA CORPORATION VS. MEDICAL CENTER, LTD., A NEBR. LIMITED PARTNERSHIP, ET AL
>
> Order dismissing case and also cases 768/76, 823/210, 810/183, 823/086 is vacated and these cases reinstated. Cases mentioned above will be certified for trial within thirty three (33) days or each will, by this entry, be dismissed.
>
> STEPHEN A. DAVIS, JUDGE

Defendants argue that the order of dismissal which was vacated was the one entered on November 19, 1985. Therefore, because that action was taken out of term, it may not stand, due to plaintiffs' failure to bring themselves within the provisions of Neb. Rev. Stat. § 25-2001 (Reissue 1985). However, we have held as recently as *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987), that a conditional order such as that entered on November 19 is wholly void as it does not "perform in praesenti."

It is also suggested that the "order" spread on the record by the clerk on March 20 was a valid order and that the court abused its discretion in vacating that order. The clerk of the

district court does have certain powers, as specified by Neb. Rev. Stat. § 25-2214 (Reissue 1985) as follows:

The clerk of . . . the [court] shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this code, by other statutes and by the common law. In the performance of his duties he shall be under the direction of his court.

However, neither that statute nor the rules of the court are sufficient to confer judicial powers upon a clerk.

Neb. Rev. Stat. § 25-1301 (Reissue 1985) provides as follows:

(1) A judgment is the final determination of the rights of the parties in an action.

(2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.

(3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court.

All that the clerk did in this case was to attempt to spread on the journal the purported judgment entered by the court on November 19, which, as we have held, was a void order.

The judgment of the district court is affirmed.

AFFIRMED.