HARVEY OAKS DENTAL, P.C., A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. PETER LETTERESE & ASSOCIATES, INC., APPELLANT AND CROSS-APPELLEE.

583 N.W.2d 72

Filed July 28, 1998.   No. A-97-049.

V. Gene Summerlin and Krista L. Kester, of Ogborn & Summerlin, P.C., for appellant.

James E. Bachman, P.C., for appellee.

Miller-Lerman, Chief Judge, and Sievers and Mues, Judges.

Sievers, Judge.

## INTRODUCTION

Peter Letterese & Associates, Inc. (PL&A), appeals the district court's order which vacated its earlier order to dismiss for lack of prosecution. At issue is the propriety of an order which may operate in the future to dismiss a case, as well as the authority of a clerk of the district court to render a judgment by dismissing a case.

## FACTUAL BACKGROUND

On August 23, 1995, Harvey Oaks Dental, P.C. (Harvey Oaks), sued PL&A in the district court for Douglas County, Nebraska, for breach of contract for nonperformance and for failure to abide by the terms of a guarantee. In its petition, Harvey Oaks alleged that in late 1994, Thomas J. Formanack, D.D.S., the sole shareholder, officer, and director of Harvey Oaks, entered into a service contract with PL&A wherein Formanack was to pay $15,900 to PL&A for training in sales and sales management. The contract between the parties arguably provides Harvey Oaks a "money-back" guarantee if Formanack was not satisfied. Because of the result we reach, we

need not detail the parties' contract and the facts surrounding the dispute, nor do we address the merits of the contractual dispute. It is sufficient to say that Harvey Oaks sued for a refund of fees paid to PL&A.

## PROCEDURAL HISTORY

On November 17, 1995, Harvey Oaks filed a motion for summary judgment, which was overruled on December 8, 1995. On June 27, 1996, the district court entered an order excusing the filing of a certificate of readiness. The order stated that such filing was excused, "until October 28, 1996, when either (a) all discovery must be completed and the Certificate of Readiness must be filed or (b) an order extending the time for filing a Certificate of Readiness must be entered, or this case will automatically be dismissed for lack of prosecution."

Because discovery had yet to be completed by October 28, 1996, counsel for Harvey Oaks and PL&A agreed to further extend the filing of the certificate of readiness. Both attorneys agreed that they would contact the court that day to communicate their agreement. Accordingly, on October 28, counsel for Harvey Oaks contacted the district court by leaving a message on the court's answering machine. Unbeknownst to counsel, the court, or more appropriately, the judge and his staff, were out of town until November 18. Apparently acting on the June 27 order, the district court clerk entered an order on October 29, purporting to dismiss the action for failure to file a certificate of readiness. Counsel for Harvey Oaks and PL&A were informed of the dismissal via an untitled memorandum sent to both attorneys and file-stamped by the clerk of the district court on October 31, 1996. This memorandum was counsel for Harvey Oaks' first indication that the message left with the district court had failed to effect the extension of time.

On November 20, 1996, PL&A filed an action for declaratory judgment in Florida on the contract at issue in the Nebraska litigation. Approximately 38 days after the dismissal, Harvey Oaks filed a motion for reinstatement dated December 5, 1996. At the hearing on the motion to reinstate, Harvey Oaks alleged that the hearing on the motion had been scheduled "for quite some time" before the motion itself was filed with the clerk. In

these proceedings, Harvey Oaks argued that its delay in filing the motion was based on the fact that the judge and his staff were out of town until November 18. At the hearing, the court stated:

> I think the plaintiff took steps that would be reasonable in terms of the requirement that he either file a certificate of readiness or obtain an order extending the time.
>
> I think you took the steps that would be necessary in notifying the Court that there was an agreement that there would be a two-month continuance, and I don't think that — although you could have filed the motion to reinstate sooner, I don't think that filing on December 6th would be such a delay that would now estop him from being able to seek a reinstatement.

In an order filed December 12, the district court sustained Harvey Oaks' motion to reinstate over PL&A's objection and vacated the dismissal entered October 29 by the clerk of the district court. PL&A then appealed to this court.

## ASSIGNMENTS OF ERROR

PL&A argues on appeal that the district court erred in vacating the dismissal. Harvey Oaks cross-appeals, arguing that the district court erred in denying its motion for summary judgment.

## STANDARD OF REVIEW

■ An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997).

## ANALYSIS

■ A district court has the inherent authority to vacate or modify its decisions within the same term in which the initial decision was rendered. *Jarret v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The decision to vacate an order is within the discretion of the court. *Id.* A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Cedars Corp. v. Sun Valley Dev. Co.*, 253 Neb. 999, 573 N.W.2d 467 (1998). A "much

stronger" showing is required to substantiate an abuse of discretion when a judgment is vacated than when it is not. *Fanning v. Richards*, 193 Neb. 431, 432, 227 N.W.2d 595, 596 (1975).

PL&A argues that the district court abused its discretion when it reinstated Harvey Oaks' cause of action because "the identical matters at issue here are being litigated in an action in another state, brought after the court's dismissal and prior to its reinstatement." Brief for appellant at 7. However, this argument is premised upon the fact that "the court" dismissed the action on October 29, 1996. Our transcript does not include an order from the district court dismissing Harvey Oaks' action. Instead, there is an order, dated June 27, 1996, excusing the filing of a certificate of readiness which states that

> the filing of a Certificate of Readiness is hereby excused until <u>October 28, 1996</u>, when either (a) all discovery must be completed and the Certificate of Readiness must be filed or (b) an order extending the time for filing a Certificate of Readiness must be entered, or this case will *automatically* be dismissed for lack of prosecution.

(Emphasis supplied.)

Next, the transcript contains a memorandum from the Douglas County Clerk of the District Court, notifying Harvey Oaks and PL&A that the action was dismissed by "prior order." We assume that the "prior order" referred to by the clerk of the district court is the June 27 district court order which excuses the filing of a certificate of readiness until a later date, but which threatens "automatic" dismissal absent timely compliance.

The district court's order of June 27, 1996, which required the parties to file a certificate of readiness with the court by October 28 (absent an extension) or the case would be automatically dismissed, is a conditional order which the Nebraska Supreme Court has found to be wholly void because such an order does not "perform in praesenti." This has been settled for some time. See *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988). To demonstrate that this case is controlled by *Building Systems, Inc.*, we recite the procedural history of that case in detail.

*Building Systems, Inc.*, involved the appeal of five cases from an order of the district court vacating a previous order to dismiss

the cases. On November 19, 1985, a hearing was held on the defendants' motions to dismiss for lack of prosecution and the following entry was made by the district court: " 'Certif[icate] of readiness will be filed w/in 120 day [sic] or this case and those referred to above, by this entry, are dismissed (SAD).' " *Building Systems, Inc.*, 228 Neb. at 169, 421 N.W.2d at 774. On February 24, 1986, the plaintiffs filed various motions requesting that they be allowed to amend their pleadings, have a referee appointed, and consolidate for trial. On March 3, the defendants filed a motion to compel answers to interrogatories and a motion to require production of documents.

A hearing on plaintiffs' motions in *Building Systems, Inc.*, was originally scheduled for March 18, 1986, but the defendants agreed to attempt to reschedule that hearing and consolidate it with one originally scheduled for March 13. However, because plaintiffs' attorney was out of town at that time, the March 13 hearing had to be rescheduled. The court's bailiff was contacted by the secretary for plaintiffs' counsel, but the court was unable to reschedule the hearing for March 18, and the hearing date was set for April 22. In the meantime, the cases were dismissed on March 20 by entry of a dismissal by the clerk of the district court. Counsel for the parties were notified of the dismissal the following day. On April 16, a hearing was held on plaintiffs' consolidated motion to reinstate, filed April 10. In a docket entry dated April 18, 1986, the court reinstated the cases, and the appeal followed.

■ The Supreme Court of Nebraska, in affirming the district court's decision, held that "a conditional order such as that entered on November 19 is wholly void as it does not 'perform in praesenti.' " *Building Systems, Inc.*, 228 Neb. at 170, 421 N.W.2d at 775. See, also, *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987) (holding that order allowing plaintiff certain amount of time in which to plead further and, failing that, case would be automatically dismissed, was conditional judgment and as such was wholly void because it did not perform in praesenti, plus final effect of order was left to speculation and conjecture).

■ The *Building Systems, Inc.*, court held that while the clerk of the district court had certain powers as outlined by Neb. Rev.

Stat. § 25-2214 (Reissue 1985), those powers did not "confer judicial powers upon a clerk." 228 Neb. at 171, 421 N.W.2d at 775. The Supreme Court then held that the original order of November 19, 1985, was void and cited Neb. Rev. Stat. § 25-1301 (Reissue 1985):

> "(1) A judgment is the final determination of the rights of the parties in an action.
>
> "(2) Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action.
>
> "(3) Entry of a judgment is the act of the clerk of the court in spreading the proceedings had and the relief granted or denied on the journal of the court."

*Building Systems, Inc.*, 228 Neb. at 171, 421 N.W.2d at 775. The *Building Systems, Inc.*, court concluded: "All that the clerk did in this case was to attempt to spread on the journal the purported judgment entered by the court on November 19, which, as we have held, was a void order." *Id.* at 171, 421 N.W.2d at 775. In other words, although the clerk of the district court is authorized to spread upon the court journal the proceedings had and relief granted by the court, and to that extent, the clerk is responsible for memorializing the judgment, the clerk does not have authority to perform the judicial function of rendering a judgment.

In the instant case, the district court did not abuse its discretion in vacating the dismissal because (1) the order of June 27, 1996, as a conditional order, was void, and (2) the clerk of the district court did not have the power to dismiss the action absent the entry of a proper and unconditional "order" from the district court. Thus, the case between Harvey Oaks and PL&A was never properly dismissed, and no error could be committed in reinstating it.

Finally, Harvey Oaks' cross-appeal that the district court erred in denying its motion for summary judgment is not properly before us. A denial of a motion for summary judgment is not a final order and therefore is not appealable. *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997).

We conclude that there was no abuse of discretion on the part of the district court in vacating the order of dismissal of Harvey Oaks' claim against PL&A. The cross-appeal does not present an appealable order.

AFFIRMED.