JUNIE AUSTIN DAY; PEARL AUSTIN PRESNELL; MARY AUSTIN ANDERSON AND DORIS AUSTIN KIRBY v. SADIE HUFFMAN COFFEY, ADMINISTRATRIX OF THE ESTATE OF J. GRANT HUFFMAN; SADIE HUFFMAN COFFEY AND HUSBAND, JACK COFFEY; THOMAS JACK HUFFMAN AND WIFE, ANN C. HUFFMAN

No. 8325SC571

(Filed 15 May 1984)

Appeal and Error § 6.6— order dismissing complaint with leave to amend—premature appeal

Purported appeal by plaintiffs from an order which dismissed their complaint but allowed leave to amend was interlocutory and premature.

APPEAL by plaintiffs from *Morgan, Judge.* Order entered 18 April 1983 in Superior Court, CALDWELL County. Heard in the Court of Appeals 24 April 1984.

*W. P. Burkhimer for plaintiff appellants.*

*Wilson, Palmer & Cannon, P.A., by Hugh M. Wilson and John S. Arrowood, and Beverly T. Beal, P.A., by Christopher L. Beal, for defendant appellees.*

BECTON, Judge.

Plaintiffs attempt to appeal from an order dismissing their complaint. Since the court granted plaintiffs leave to amend, however, the purported appeal is interlocutory, and we therefore dismiss.

The complaint alleged that plaintiff Day's interest in various tracts of land was fraudulently conveyed to defendants' predecessors in title. Plaintiffs sought removal of the cloud on their alleged title or damages for the lost value of the land, as well as lost rents and timber profits. They alleged in addition damage re-

sulting from violations of the United States Constitution, the Constitution of North Carolina, federal civil rights law, and North Carolina unfair trade practices law. Defendants moved to dismiss all claims pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1983). The court granted the motion as to the constitutional and statutory claims. It also granted it as to the cloud on title and fraud claims, but allowed plaintiffs leave to amend their Complaint within thirty days. The order instructed plaintiffs to file separate complaints identifying more specifically the land involved, the nature of plaintiffs' interest(s) therein, and the manner in which defendants allegedly perpetrated the frauds. Rather than file amended complaints, plaintiffs gave notice of appeal.

We confront, apparently for the first time under our Rules of Civil Procedure, the question of the appealability *by plaintiffs* of an order which dismissed their complaint but allowed leave to amend. It is established under our Rules of Civil Procedure that orders allowing amendments cannot be appealed by the *opposing* party. *O'Neill v. Southern Nat'l Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979); *see also Williams v. Denning*, 260 N.C. 539, 133 S.E. 2d 150 (1963). Can the party be allowed to amend appeal?

Decisions of the federal courts under Rule 12 of the Federal Rules of Civil Procedure have uniformly held that when an action is dismissed with leave to amend, the proceeding is still pending and an appeal is interlocutory. *See Kozemchak v. Ukrainian Orthodox Church*, 443 F. 2d 401 (2d Cir. 1971); *Tietz v. Local 10, Int'l Ass'n of Bridge, Structural and Ornamental Ironworkers*, 525 F. 2d 688 (8th Cir. 1975); *Borelli v. City of Reading*, 532 F. 2d 950 (3d Cir. 1976). The federal decisions rely at least in part on Rule 58 of the Federal Rules of Civil Procedure, which defines a judgment as, among other things, a ruling "that all relief shall be denied." *See Tietz v. Local 10.* Our rules contain the same language. N.C. Gen. Stat. § 1A-1, Rule 58 (1983). When the court allows amendment, relief in the trial court has not been entirely denied and appeal is premature. Our long-established policy forbidding fragmentary interlocutory appeals also supports application of the federal rule. Plaintiffs have an opportunity to correct the deficiency in the trial court without affecting their cause of action. Prosecuting an appeal, when simple and economical corrective measures might be taken without prejudice in the trial court, is exactly the sort of wasteful procedure which our appellate courts

have consistently disapproved. We therefore hold that plaintiffs' attempted appeal is interlocutory and dismiss it forthwith.

The fact that plaintiffs have alleged unfair trade practices does not affect this result. Assuming without deciding that such a claim is proper, the action would lie, if at all, against Harve Austin, the perpetrator of the fraud, or his estate. N.C. Gen. Stat. §§ 75-1.1, -16 (1981); N.C. Gen. Stat. § 28A-18-1 (1976); *see Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 268 S.E. 2d 271 (1980). Plaintiffs have not named Harve Austin or his estate as a defendant. *Oestreicher v. American Nat'l Stores, Inc.*, 290 N.C. 118, 225 S.E. 2d 797 (1976) (separation of underlying claim and punitive damage claim made order appealable), therefore does not apply.

Appeal dismissed.

Judges WEBB and EAGLES concur.