THE FEDERAL LAND BANK OF OMAHA, A CORPORATION, APPELLANT, V. MARLEN JOHNSON, APPELLEE.

415 N.W.2d 478

Filed November 20, 1987.   No. 87-495.

Gregory N. Lohr, for appellant.

Rodney R. Smith of Smith & Boyd, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the district court for Dixon County. The district court sustained the demurrers of defendant to plaintiff's November 21, 1986, petition and to the two amended petitions which followed.

The Federal Land Bank of Omaha's petitions alleged, in essence, that it had a security interest in crops grown on real estate owned by defendant Marlen Johnson's brother. The security interest allegedly arose pursuant to a real estate

mortgage held and recorded by The Federal Land Bank, which encumbered real estate owned by Johnson's brother and sister-in-law.

Appellant further alleged that Johnson was the assignee of his brother's interest in the above-mentioned crop and that Johnson harvested and disposed of at least part of the crop without the consent or knowledge of The Federal Land Bank. Appellant sought a judgment against Johnson for the value of its interest in the crop, since it had previously foreclosed on the real estate mortgage and the proceeds were insufficient to satisfy the debt. Appellant alleges that its security interest in the crop is superior to that of Johnson.

The district court sustained Johnson's demurrers for failure to state a cause of action in the original petition and two amended petitions. The last order of the lower court, entered on April 27, 1987, and filed May 1, reads, in part, as follows:

> IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that Defendant's Demurrer to Plaintiff's Second Amended Petition should be and the same is hereby sustained.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff be and it hereby is allowed ten days in which to further amend its Petition and upon Plaintiff's failure to so amend, this matter shall be automatically dismissed at Plaintiff's cost.

The record before this court reveals no further order or judgment from the district court in this matter.

Appellant elected to prosecute an appeal from the April 27 order rather than to amend its petition. Appellant's actions are premature. It is fundamental that there can be no appeal to this court until there has been a judgment or final order in the court from which the appeal is taken. *McCook Equity Exch. v. Cooperative Serv. Co.*, 223 Neb. 197, 388 N.W.2d 811 (1986). A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987).

The April 27 order of the district court was not a "final determination of the rights of the parties" as contemplated by

Neb. Rev. Stat. § 25-1301 (Reissue 1985). The order was conditional in that *if* appellant had amended its petition, the case would have continued. As this court noted in *Lemburg v. Adams County, supra* at 292, 404 N.W.2d at 431, "a conditional judgment is wholly void because it does not 'perform in praesenti' and leaves to speculation and conjecture what its final effect may be." Quoting from *Wallace v. Hankins*, 541 S.W.2d 82 (Mo. App. 1976).

The April 27 conditional order of the district court was not a final judgment, and an appeal cannot be taken therefrom.

APPEAL DISMISSED.