JOAN IRENE SNELL, APPELLANT, V. LINN RAY SNELL, APPELLEE.

433 N.W.2d 200

Filed December 30, 1988. No. 87-486.

Andrew W. Hoffmeister, Deputy Buffalo County Attorney, for appellant.

No appearance for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

PER CURIAM.

This appeal arises out of the registration of a foreign support order under the provisions of the Revised Uniform Reciprocal Enforcement of Support Act, Neb. Rev. Stat. §§ 42-796 to 42-7,104 (Reissue 1988).

The transcript reveals that the documents set forth in § 42-7,100 were received by the clerk of the district court for Buffalo County and filed therein. The statute provides that the "filing" constitutes registration. These documents consisted of three certified copies of the Kansas support order, one copy of the Kansas reciprocal enforcement of support act, and a signed statement of the petitioner containing the information required by § 42-7,100(a)(3).

The informational statement was erroneously captioned "Petition" rather than "Statement."

The respondent filed a demurrer to this petition or informational statement. The district court sustained the demurrer and gave the petitioner 20 days to file an amended petition.

Section 42-7,101(b) provides: "Within twenty days after the mailing of notice of the registration the obligor may petition the court to vacate the registration or for other relief. If the obligor does not so petition, the registered support order shall be confirmed."

The transcript shows that no such petition was filed by the respondent. The registration has not been vacated, and the

county attorney is free to proceed with confirmation and enforcement.

Although it appears that the district court may have been in error in sustaining respondent's demurrer, there is clearly no final order which is appealable.

This issue was resolved in *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987). It was held that an order sustaining a demurrer and granting the plaintiff 10 days to amend its petition (with provision for an automatic dismissal if petition was not amended) was not a final appealable order.

The order of the district court sustaining the demurrer and granting petitioner 20 days to amend was not a final order or judgment, and an appeal cannot be taken therefrom.

APPEAL DISMISSED.