IN RE INTEREST OF C.D.A., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. R.E.A., APPELLANT, R.A.A., APPELLEE.

435 N.W.2d 681

Filed February 17, 1989.   No. 88-468.

Richard Douglas McClain for appellant.

Robert M. Spire, Attorney General, and Melanie J. Whittamore for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

CAPORALE, J.

R.E.A., the father of infant girl C.D.A., purports to appeal from the denial of a new trial on the order of the separate juvenile court overruling his motion to withdraw the answer of no contest he, pursuant to Neb. Rev. Stat. § 43-279.01(2) (Reissue 1988), entered at the adjudication hearing. Lacking jurisdiction, we dismiss.

Following the hearing at which the father entered the aforesaid answer, the juvenile court, on February 22, 1988,

determined the infant to be a child within the purview of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988) and committed temporary legal custody over her to the Department of Social Services. On March 24, 1988, the father moved to withdraw his no-contest answer. That motion was overruled on March 28. On April 6, the father filed a motion for a new trial, which he amended the next day. On May 5, the court below overruled both of those motions. On May 10, the father filed a pleading seeking once again to withdraw his no-contest answer "and/or" a new trial. These requests were denied by the juvenile court on May 16. On May 27, the father filed a notice purporting to appeal from the orders entered March 28, 1988, May 5, 1988, and May 16, 1988.

In the absence of a judgment or final order in the court from which an appeal is taken, this court acquires no jurisdiction. *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988); Neb. Rev. Stat. § 25-1911 (Reissue 1985); Neb. Ct. R. of Prac. 4A(1)b (rev. 1988). Without engaging in an analysis of the significance, if any, of the pleading the father filed on May 10, 1988, it is clear he seeks to appeal not from the February 22, 1988, adjudication, which is a final, appealable order, *In re Interest of Z.R.*, 226 Neb. 770, 415 N.W.2d 128 (1987), but from the various orders relating to the withdrawal of his no-contest answer. Because a juvenile court's ruling on a motion to withdraw a no-contest answer does not in and of itself affect a parent's relationship with his or her child, the ruling is interlocutory rather than final, whether it is to be treated as analogous to a ruling on a motion for leave to amend a civil pleading, see *Bittner v. Miller*, 226 Neb. 206, 410 N.W.2d 478 (1987), or as analogous to a ruling on a presentence motion to withdraw a plea of no contest in a criminal case, see *State v. Minshall*, 227 Neb. 210, 416 N.W.2d 585 (1987).

Because the orders appealed from are not final, this court lacks jurisdiction; accordingly, this purported appeal must be, and hereby is, dismissed.

APPEAL DISMISSED.