STATE OF NEBRASKA, APPELLANT, V. ROGER M. WESSELS, JR., APPELLEE.
STATE OF NEBRASKA, APPELLANT, V. GREGORY D. CHEEK, APPELLEE.

439 N.W.2d 484

Filed May 5, 1989.   Nos. 88-475, 88-476.

Charles W. Campbell, York County Attorney, for appellant.

Kevin V. Schlender for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

These cases are appeals by the State to review orders of the district court affirming the dismissal after trial of complaints for driving on suspended licenses. In each case the defendant's license and operating privileges had been suspended by the director of the Department of Motor Vehicles because the defendant had failed to comply with a previous traffic citation. In each case the county court found the defendant not guilty and dismissed the complaint at the close of the State's evidence.

Upon appeal to the district court, that court held in each case that the order of the director was void because it was made effective only 19 working days after the date it was issued. Since both cases involve the same question, they were consolidated in this court for argument.

Neb. Rev. Stat. § 60-426 (Reissue 1988) provides:

> The director is authorized to suspend or revoke the license of any resident of this state . . . (3) who has violated a promise to comply with the terms of a traffic citation issued on or after July 1, 1986, by a law enforcement officer for a moving violation in any jurisdiction inside this state until satisfactory evidence of compliance with the terms of the citation has been furnished to the director. The court having jurisdiction over the offense for which the citation has been issued shall notify the director of a violation of a promise to comply with the terms of the citation only after twenty working days have elapsed from the date of the failure to comply.

Both defendants had failed to comply with traffic citations that had been issued to them.

The statute continues:

> Upon notice to the director that a resident has violated a

promise to comply with the terms of a traffic citation as provided in this section, the director shall not suspend or revoke such resident's license until he or she has sent written notice to such resident by registered or certified mail to the resident's last-known address. Such notice shall state that such resident has twenty working days from the date of the notice to show the director that the resident has complied with the terms of such traffic citation. No suspension or revocation shall be entered by the director if the resident complies with the terms of a citation during such twenty working days.

In case No. 88-475, the director sent an order to the defendant, Roger M. Wessels, Jr., which was dated July 7, 1987, and stated that his license and operating privileges "will be suspended effective August 4, 1987 unless evidence of satisfactory compliance" with his citation was received prior to the date of suspension. Wessels was charged with driving on a suspended license on December 1, 1987, almost 4 months after the suspension should have been effective.

In case No. 88-476, the director sent an order to the defendant, Gregory D. Cheek, which was dated October 29, 1987, and stated that his license and operating privileges "will be suspended effective December 1, 1987 unless evidence of satisfactory compliance" with his citation was received prior to the date of suspension. Cheek was charged with driving on a suspended license on December 8, 1987, some 7 days after the suspension should have been effective.

The State contends that the trial court was in error in finding that the suspension orders issued by the director were void, in holding that the State was required to prove that the director gave the defendants 20 working days before the orders of suspension became effective, and in failing to hold that the defendants lacked standing to object to the failure of the director to give them 20 working days before the suspensions became effective.

As a preliminary matter it is important to note that the statute requires only that the director *notify* a driver who has failed to comply with a traffic citation that the driver has 20 working days from the date of the notice to show to the director

that the driver has complied with the terms of the citation. There is nothing in the statute that requires the director to serve an order of suspension upon the offending driver. Thus, the language in the orders of suspension which stated that the license and operating privileges will be suspended on a date stated was surplusage so far as the statute is concerned.

The State concedes that the "order of suspension" in each case was erroneous. The issue is whether the orders were void.

Neb. Rev. Stat. § 60-420 (Reissue 1984) provides in part: "The ruling, decision, or order of the director in refusing to issue or reinstate such license or in suspending, canceling, or revoking the same shall be as final and binding as the final order or judgment of a court of general jurisdiction." The statute was amended in 1988, but the amendment is not effective until July 1, 1989. See Neb. Rev. Stat. § 60-420 (Reissue 1988).

A judgment is not subject to collateral attack unless it is void. A judgment, even if erroneous, cannot be collaterally assailed. *Shade v. Kirk*, 227 Neb. 775, 420 N.W.2d 284 (1988). When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a "collateral attack." *County of Douglas v. Feenan*, 146 Neb. 156, 18 N.W.2d 740 (1945).

The order of the director was premature in purporting to suspend the licenses before 20 working days had expired. A judgment that is premature is irregular, but generally is not void. See *Bokhoof v. Stewart*, 2 Neb. (Unoff.) 714, 89 N.W. 759 (1902).

There is, however, another objection to the orders of the director that the parties have not raised. In *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987), we held that a conditional judgment was void because it did not "perform in praesenti." In that case the trial court had entered an order that in the event the case was not tried or otherwise disposed of by December 30, 1984, " 'the case will thereupon, without further order of the Court, become automatically dismissed for lack of prosecution unless good cause is shown prior thereto that the same should not be dismissed. . . .' " *Id*. at 291, 404 N.W.2d at 430. The judgment was conditional because the dismissal

depended upon several conditions. In the event the case was "tried or otherwise disposed of," or "good cause was shown" that the case should not be dismissed, then the dismissal was not effective. See, also, *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989); *Snell v. Snell*, 230 Neb. 764, 433 N.W.2d 200 (1988); *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988); *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987); *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987).

The orders of the director suffer from the same defect. The orders of suspension were effective only if evidence of satisfactory compliance with the citations was not received by the department prior to the dates of suspension. The orders of suspension were conditional, did not "perform in praesenti," and were therefore void and of no effect. Since no other orders of suspension were offered at the trials of the defendants, the judgments of acquittal were correct, and the judgments of the district court were correct.

EXCEPTIONS OVERRULED.