IOWA STATE BANK OF HAMBURG, IOWA, APPELLANT, V. ROBERT A. TRAIL AND LORENE TRAIL, APPELLEES.

449 N.W.2d 520

Filed December 22, 1989.    No. 87-677.

60

R.J. Stevenson, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for appellant.

Richard H. Hoch, of Hoch & Steinheider, for appellees.

BOSLAUGH, SHANAHAN, and GRANT, JJ., and KNAPP and ROWLANDS, D. JJ.

KNAPP, D.J.

Iowa State Bank filed its petition in replevin seeking recovery of farm equipment, machinery, livestock, and grain from Robert and Lorene Trail, basing its claim to possession upon a security agreement executed by the Trails, three promissory notes (in default), and three Uniform Commercial Code financing statements.

The Trails demurred, alleging that the financing statements were improperly recorded or had lapsed and that continuation statements had not been timely filed. Hearing was had, briefs were ordered, and the court, on April 6, 1987, sustained the demurrer on the grounds asserted by Trails, the order reading in pertinent part, "[T]he defendants' Demurrer be and the same is hereby sustained, the Petition in Replevin to be dismissed with costs taxed to the plaintiff." No separate order of dismissal was issued.

On May 5, the bank filed an amended petition in replevin, essentially identical to its original petition, but omitting all references to the financing statements. The temporary order in replevin and notice of hearing were issued and signed by the court. The Trails filed a special demurrer to the amended petition, setting forth various grounds in support of the demurrer. Hearing was had, and on June 22, the court sustained the special demurrer, adopting and citing the following grounds asserted by the Trails:

> 3. Plaintiff's Petition in Replevin, filed January 16, 1987, was dismissed by the Court on April 6, 1987. No motion for new trial was filed or appeal taken thereon and time for appeal has elapsed.

4. The relief sought by the plaintiff has been determined by the Court and the issues are res judicata.

. . . .

6. Plaintiff has filed an action at law in this Court (Case No. 33-176) requesting judgment upon the note(s) secured by the property attempting to be simultaneously replevined herein.

The court dismissed the bank's amended petition, and the bank appeals. We reverse and remand.

The court's order of April 6 stating that the bank's petition was "to be dismissed" did not purport to perform in praesenti or to be self-executing but, instead, contemplated that the dismissal was to occur at some unspecified time in the future. The clerk of the court did not consider the order as constituting a dismissal and therefore did not send the statutory notice of rendition of judgment, see Neb. Rev. Stat. § 25-1301.01 (Reissue 1985), to the bank or to its counsel. The order of April 6 did not perform in the present, lent itself to speculation and conjecture, and was therefore not an appealable judgment, a " 'final determination of the rights of the parties.' " *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 878, 415 N.W.2d 478, 479 (1987).

The April 6 order not being a final, appealable judgment, the trial court's finding that the issue raised by the amended petition had been determined by the order cannot stand. As noted in 50 C.J.S. *Judgments* § 620 at 44-45 (1947): "The doctrine of res judicata applies only in the case of final judgments; a judgment which is not final and does not adjudicate the rights in litigation in a conclusive and definitive manner cannot be set up in bar of a subsequent action." See, also, *Kash v. McDermott & Miller*, 221 Neb. 297, 376 N.W.2d 558 (1985).

The third ground relied upon by the trial court, that a suit had been filed on the notes, is not a proper ground in this case. The objection that there is another action pending between the parties for the same cause may be raised by demurrer only when the pendency of the former action is shown on the face of the petition. *Johnsen v. Parks*, 189 Neb. 712, 204 N.W.2d 804 (1973). The bank filed suit on the notes against Robert Trail on

May 5, 1987, the same day it filed its amended petition in replevin against both Trails. The suit on the notes is not disclosed by the amended petition for replevin, does not fall within the judicial notice exception noted in *Hubbard v. Loewenstein*, 181 Neb. 96, 147 N.W.2d 164 (1966), and is therefore not available as a ground for demurrer.

The April 6 order sustaining the demurrer did not specify a time within which plaintiff could amend its petition. The bank did file its amended petition on May 5 and advised the court of the filing, and the court issued and signed the temporary order in replevin and the notice of hearing thereon. While the Trails claimed in their special demurrer that the bank had filed the amended petition without leave of court, the court did not adopt this claim as a basis for its sustaining of the special demurrer.

The court's order sustaining the special demurrer refers to its April 6 order as being based upon the belief that the lapsed financing statements resulted in the bank's security interests' being unperfected and that such defect could not be cured by amendment.

Assuming lapse of the financing statements and subsequent "imperfection" of the bank's security interest, it does not follow that the security interest itself lapsed. The purpose of filing the financing statements was merely to give notice to subsequent purchasers or creditors of a possible security interest. 79 C.J.S. *Secured Transactions* § 38 (Supp. 1974). As between the parties, the security agreement and the interests created thereby remain effective, even though they may be subject to the rights of other creditors. 79 C.J.S. *Secured Transactions* § 25 (Supp. 1974).

"It 'generally constitutes an abuse of discretion to sustain a demurrer without leave to amend where there is a reasonable possibility that the defect can be cured by way of amendment, particularly in the case of an original complaint.' " *Cagle, Inc. v. Sammons*, 198 Neb. 595, 604, 254 N.W.2d 398, 404 (1977).

This was the case with plaintiff's original petition. The defect, if a defect it was, could be and was cured by the proposed amended petition. The trial court should have allowed the amendment, and its failure to do so constituted an

abuse of discretion.

The trial court's order of June 22, 1987, incorporating therein the order of April 6, is reversed, and the cause is remanded with directions to allow plaintiff to proceed upon its amended petition.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.