## Dee E. Schaad and Kathryn J. Schaad, Appellants, v. David B. Simms et al., Appellees.

484 N.W.2d 474

Filed May 29, 1992.   No. S-85-719.

Roger C. Lott for appellants.

Stephen V. Bartling, of Rehm & Bartling, for appellee Lincoln Bank South.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Shanahan, J.

Dee E. and Kathryn J. Schaad filed a tort action against David B. Simms, D.B.S. Enterprises, Inc., and Lincoln Bank South. When the district court sustained the demurrer of Lincoln Bank South concerning Schaads' amended petition, the court entered the following in its docket notes: "Plaintiff is given 14 days to file second amended petition or to select to stand on amended petition, in which instance the defendant Lincoln Bank South will stand dismissed from this action without further hearing." Schaads declined to further amend and, instead, filed a motion for new trial, which was overruled.

Schaads have appealed, but the transcript in their appeal contains no order actually dismissing the action in the district court.

Neb. Rev. Stat. § 25-1301(1) (Reissue 1989) states: "A judgment is the final determination of the rights of the parties in an action." Neb. Rev. Stat. § 25-1911 (Supp. 1991) provides that "[a] judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record." Under Neb. Rev. Stat. § 25-1905 (Supp. 1991), the transcript provided to the Supreme Court in an appeal "shall contain the final judgment or order sought to be reversed, vacated, or modified."

"An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction . . . ." *In re Interest of B.M.H.*, 233 Neb. 524, 527, 446 N.W.2d 222, 224 (1989). In the absence of a final judgment or final order in the court from which an appeal is taken, an appellate court acquires no jurisdiction. *In re Interest of C.D.A.*, 231 Neb. 267, 435 N.W.2d 681 (1989); *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988); *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987).

Moreover, because a judgment is the final determination of the rights of the parties to an action, a conditional judgment does not constitute a final and, therefore, appealable order as the basis for appellate jurisdiction. See, *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991); *Romshek v. Osantowski*, 237 Neb. 426, 466 N.W.2d 482 (1991); *State v. Wessels and Cheek*, 232 Neb. 56, 439 N.W.2d 484 (1989); *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989); *Snell v. Snell*, 230 Neb. 764, 433 N.W.2d 200 (1988); *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988); *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987); *W & K Farms v. Hi-Line Farms, supra*; *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987); *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973).

> [A] conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. [Citation omitted.] . . . [F]inal judgments must not be conditional, and unless there is an equitable phase of the action wherein it is necessary to protect the interests of defendants, a conditional judgment is wholly void.

*Lemburg v. Adams County*, 225 Neb. at 292, 404 N.W.2d at 431. Accord, *State v. Wessels and Cheek, supra*; *Schoneweis v. Dando, supra*; *Building Systems, Inc. v. Medical Center, Ltd., supra*; *W & K Farms v. Hi-Line Farms, supra*. Moreover, "conditional orders purporting to automatically dismiss an action upon a party's failure to act within a set time are void as not performing in praesenti, and thus have no force or effect." *Schoneweis v. Dando*, 231 Neb. at 182, 435 N.W.2d at 668.

Although the district court declared that Schaads' action against Lincoln Bank South would be dismissed unless Schaads filed an additional amended petition or elected to stand on the amended petition to which the demurrer was sustained, there is no order actually dismissing Schaads' action in the district court; therefore, there is no final and appealable order as a requisite for appellate jurisdiction. Since this court lacks appellate jurisdiction under the circumstances, we dismiss Schaads' appeal.

APPEAL DISMISSED.