County of Sherman, Nebraska, appellee, v. Melvin L. Evans et al., appellees, and Donald D. Glinsmann and Rachel A. Glinsmann, appellants.

526 N.W.2d 232

Filed January 27, 1995.   No. S-93-422.

John S. Mingus, of Mingus & Mingus, for appellants.

Mark L. Eurek, Sherman County Attorney, for appellee County of Sherman.

Rodney M. Wetovick, of Wroblewski Law Office, for appellee Robin A. Bochart.

Hastings, C.J., White, Caporale, Fahrnbruch, Lanphier, Wright, and Connolly, JJ.

Fahrnbruch, J.

Donald D. Glinsmann and Rachel A. Glinsmann, husband and wife, appeal from an in futuro order of the district court for Sherman County confirming two sheriff's tax certificate foreclosure sales conditioned upon the Glinsmanns' failure to redeem the property within a specified time.

We dismiss the appeal because the record fails to disclose that final orders of confirmation were ever entered by the trial court. As a result, we do not discuss the Glinsmanns' assignments of error on appeal.

The County of Sherman petitioned in district court to foreclose tax sale certificates on various tracts of real estate, including two properties owned by the Glinsmanns. The county's fourth cause of action alleged that the Glinsmanns owned the northwest quarter of Section 9, Township 14 North, Range 13 West of the 6th P.M., in Sherman County, Nebraska, and owed $29,562.87 in taxes on the real estate. The fifth cause of action alleged that Donald Glinsmann owned the southwest quarter of Section 9, Township 14 North, Range 13 West of the 6th P.M., in Sherman County, Nebraska, and owed $30,928.89

in taxes on that real estate. Various creditors also had interests in both tracts, including the Farmers Home Administration by virtue of a mortgage which the court found to have second priority on both quarters.

On January 7, 1993, the sheriff sold the northwest quarter and the southwest quarter to the highest bidder at $87,700 and $67,900, respectively. On April 2, the district court entered an "Order to Confirm," in regard to the Glinsmanns' foreclosure sales. The confirmation was conditional. It stated:

> IT IS THEREFORE CONSIDERED BY THE COURT that if property is not redeemed by buyer by Monday, April 5, 1993 at 12:00 noon, that said sale be confirmed and that the Sheriff of Sherman County is hereby ordered and directed upon payment of the full purchase price as hereinafter set forth to execute a deed conveying the premises described in the Fourth and Fifth Causes of Action as follows . . . .

The court did not issue any further order confirming the sales. On April 5, 1993, the Glinsmanns moved for a new trial, which the court, on April 16, overruled. The Glinsmanns appealed from the court orders of April 2 and 16.

Conditional orders purporting to automatically dismiss an action upon a party's failure to act within a set time are void as not performing in praesenti, and thus have no force or effect. *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992); *Iowa State Bank v. Trail*, 234 Neb. 59, 449 N.W.2d 520 (1989); *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988). Because conditional orders are void, such orders do not mature into a judgment when the conditions specified therein are not met. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991).

The order of the district court conditioned confirmation of the sheriff's sales upon the Glinsmanns' failure to redeem property within a specified date. Such an order is in futuro and, thus, void.

Because the record does not contain any final appealable order of confirmation, the appeal is dismissed. See *In re Interest of C.D.A.*, 231 Neb. 267, 435 N.W.2d 681 (1989).

APPEAL DISMISSED.