TONY E. MATHIS, APPELLEE, V. LINDA S. MATHIS, APPELLANT.
542 N.W.2d 711

Filed January 30, 1996. No. A-94-438.

Robert J. Hovey, P.C., for appellant.

Tony E. Mathis, pro se.

HANNON, IRWIN, and MILLER-LERMAN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Appellant seeks review of a district court accounting of alimony arrearages. The district court, after computing appellee's alimony obligation over the previous several years, determined that appellant had been overpaid and ordered appellant to reimburse appellee for the overpayment. Appellant alleges the district court used the wrong monthly amounts when computing appellee's alimony obligation. Because we find that the district court committed error in computing appellee's alimony obligation and in ordering appellant to reimburse appellee, we reverse, and remand for further proceedings.

## II. FACTUAL BACKGROUND

The marriage of appellant, Linda S. Mathis, and appellee, Tony E. Mathis, was dissolved on April 2, 1984, when the district court entered a final decree of dissolution. At the time of dissolution there was one minor child of the marriage. The decree awarded custody of the minor child to Linda and granted reasonable visitation rights to Tony along with an obligation to pay child support. Tony was further ordered to pay $150 per month alimony.

On June 4, 1985, Tony filed an application seeking a modification of the decree. Tony alleged Linda had denied him reasonable visitation, and he requested that the court terminate his alimony obligation. On September 4, the district court

entered an order modifying Tony's alimony obligation. The order provided in part:

> [T]he Court upon the oral stipulation of both parties finds as follows:
>
> 1. That the Petitioner's alimony obligation of One Hundred Fifty Dollars ($150.00) per month under the original Decree entered herein should be temporarily reduced to Seventy-Five Dollars [$75] per month to be effective August 1, 1985. Said reduction should continue until June 1, 1986, and continue after aforesaid date until the Petitioner obtains fulltime employment or part-time employment paying him a gross wage equal to or greater than Twelve Hundred Dollars ($1,200.00) per month. If aforesaid employment conditions are met, the alimony should be increased to One Hundred Fifty Dollars ($150.00) per month effective on the month following the meeting of the aforesaid condition.

Almost 4 years later, on April 11, 1989, Linda filed a pleading captioned "Application to Determine Arrearage and Modify Decree." Linda alleged that Tony had met the employment condition of the September 1985 modification order, but that he had not increased the alimony payments to $150 per month as decreed in the September 1985 order. Linda requested a determination of the arrearage. On June 1, 1989, Tony filed an answer to Linda's pleading, in which he denied that the employment condition of the September 1985 order had been satisfied.

On August 27, 1990, a hearing was conducted by the district court to determine the merits of Linda's application to determine the arrearage. Tony did not appear for the hearing. The court issued an order on September 11 finding that Tony "obtained . . . employment paying him a gross wage equal to or greater than [$1,200] per month on June 1, 1986" and that Tony "should pay [$150] per month alimony effective June 1, 1986 when [Tony] met the aforesaid employment condition." The court ordered Tony to pay $150 per month alimony commencing on September 1, 1990, and continuing until February 1, 1994. The court further ordered the clerk of the

district court to "determine the arrearage of said alimony in consideration of the foregoing findings."

Subsequent to the September 1990 order, Tony failed to consistently make his alimony payments. On June 1, 1992, Linda filed a transcript of the September 1990 order with the district court and secured a judgment lien against Tony's real estate for the amount in arrears. On September 22, 1993, the district court issued an order releasing the judgment lien against Tony's property on the condition that any proceeds from the sale of the property be placed in escrow with the district court until an accounting could be accomplished. On October 4, the district court received a check in the amount of $8,443.66 from the sale of Tony's real property. The clerk of the district court paid the entire sum to Linda before the accounting was accomplished.

On December 29, 1993, the district court conducted a hearing to determine the amount of arrearage from Tony's failure to pay alimony. The matter was continued for additional hearing until February 10, 1994. Among the matters argued to the court during this hearing was the amount of alimony Tony had been obligated to pay during the period of June 1, 1986, through September 1, 1990. Linda argued that the court, in the September 1990 order, had interpreted the September 1985 modification order as requiring Tony's alimony obligation to increase immediately upon satisfaction of the employment condition and that the court, in the September 1990 order, had ordered that Tony was responsible for arrearages between June 1, 1986, and September 1, 1990, computed at $150 per month. Tony argued that the court had ordered the alimony obligation to increase to $150 per month effective September 1, 1990, and that the arrearages between June 1, 1986, and September 1, 1990, should be computed at $75 per month.

On March 30, 1994, the district court issued an order. The court declared that the clerk of the district court had made an unauthorized payment of $8,443.66 to Linda before the court had completed an accounting to determine the amount of money she was entitled to receive. The court further determined that Tony's alimony obligation was reduced to $75 per month for the period of September 1, 1985, through August 1, 1990, and that

Tony's alimony obligation was increased to $150 per month commencing on September 1, 1990. Based upon these findings, the court determined that Linda had been overpaid $6,589.69 when she received the check from the clerk of the district court. The court ordered Linda to reimburse Tony in that amount. This appeal followed.

## III. ASSIGNMENT OF ERROR

Linda's brief in this appeal designated five assignments of error, which we have consolidated into one. Linda alleges the district court committed error by computing Tony's alimony obligation between June 1, 1986, and September 1, 1990, at a rate of $75 per month instead of $150 per month.

## IV. STANDARD OF REVIEW

■ In marital dissolution proceedings, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995); *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995); *Garrett v. Garrett*, 3 Neb. App. 384, 527 N.W.2d 213 (1995). The awarding of alimony is a matter entrusted to the discretion of the trial judge, and, on appeal, the trial judge's decision will be reviewed de novo on the record and will be affirmed in the absence of an abuse of discretion. *Thiltges v. Thiltges, supra.*

■ In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the issues. *Id.* If the evidence as presented by the record is in conflict, an appellate court considers, and may give weight to, the fact that the trial judge had the opportunity to hear and observe the witnesses and accepted one version of the facts rather than another. *Id.*; *Jirkovsky v. Jirkovsky, supra.*

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Jirkovsky v. Jirkovsky, supra.*

## V. ANALYSIS

### 1. 1985 MODIFICATION ORDER

#### (a) Conditional Order

The modification order entered by the district court on September 4, 1985, provided in part:

> [T]he Petitioner's alimony obligation of One Hundred Fifty Dollars ($150.00) per month under the original Decree entered herein should be temporarily reduced to Seventy–Five Dollars [$75] per month to be effective August 1, 1985. Said reduction should continue until June 1, 1986, and continue after aforesaid date until the Petitioner obtains fulltime employment or part–time employment paying him a gross wage equal to or greater than Twelve Hundred Dollars ($1,200.00) per month. If aforesaid employment conditions are met, the alimony should be increased to One Hundred Fifty Dollars ($150.00) per month effective on the month following the meeting of the aforesaid condition.

A portion of this order is clearly a conditional order. The language of the district court providing that the reduction of Tony's monthly alimony obligation should continue "until [Tony] obtains . . . employment paying him a gross wage equal to or greater than [$1,200] per month" and that the alimony obligation would increase "[i]f aforesaid employment conditions are met" is conditional. To the extent that the September 1985 modification order is a conditional order, it is void.

The Nebraska Supreme Court has held conditional orders void in a wide variety of contexts. See, e.g., *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995) (conditional order that fines for violation of misdemeanor nuisance ordinances would be reduced to undetermined amount if defendant cleaned up property is void); *County of Sherman v. Evans*, 247 Neb. 288, 526 N.W.2d 232 (1995) (conditional order purporting to automatically dismiss action upon party's failure to act within set time is void); *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992) (Nebraska Motor Vehicle Industry Licensing Board order terminating franchise agreements effective when replacement dealer found is not final, appealable

order); *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992) (conditional order purporting to automatically dismiss action upon party's failure to act within set time is void); *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991) (punitive contempt sanction conditioned upon future failure to pay child support is void); *Romshek v. Osantowski*, 237 Neb. 426, 466 N.W.2d 482 (1991) (judgment providing for civil contempt penalty for future failure to comply with decree within limited period of time is void); *State v. Wessels and Cheek*, 232 Neb. 56, 439 N.W.2d 484 (1989) (order suspending driver's license if evidence of compliance with citation not received by Department of Motor Vehicles within limited period of time is void).

A conditional order is void because it does not operate in praesenti, and thus it leaves to speculation and conjecture what its final effect may be. *Village of Orleans v. Dietz, supra*; *Garber v. State, supra*; *Schaad v. Simms, supra*; *Maddux v. Maddux, supra*; *Romshek v. Osantowski, supra*. See, also, *County of Sherman v. Evans, supra*; *State v. Wessels and Cheek, supra*. A judgment determines the rights and obligations which currently exist between the parties, and it should not look to the future in an attempt to judge the unknown. *Village of Orleans v. Dietz, supra*; *Romshek v. Osantowski, supra*.

The language of the September 1985 order in the present case stating that the reduction of Tony's monthly alimony obligation should continue "until [Tony] obtains . . . employment paying him a gross wage equal to or greater than [$1,200] per month" and that the alimony obligation would increase "[i]f aforesaid employment conditions are met" leaves to speculation and conjecture what its final effect may be. Also, the order does not indicate whether Tony is to notify the court or Linda when the employment condition is satisfied, nor does it provide for an alternative means for the court or Linda to be made aware of the satisfaction of the condition. The order does not provide for any way of determining when the event will occur, if ever, and merely leaves to speculation how the parties are to be apprised of Tony's situation and how the court can enforce the requirement that Tony pay more alimony when the employment

condition is satisfied. Therefore, to the extent the September 1985 order is conditional, it is void and of no effect.

### (b) Definite Order

The September 1985 order is valid, however, to the extent that it provides that Tony's alimony obligation "should be temporarily reduced to [$75] per month to be effective August 1, 1985," and that "[s]aid reduction should continue until June 1, 1986," and is not conditioned upon Tony's securing employment paying him $1,200 per month. But see *Village of Orleans v. Dietz, supra* (where entire order was subject to modification upon occurrence of condition, entire order was conditional and order was wholly void). The September 1985 order, therefore, provided for a temporary modification of Tony's alimony obligation to $75 per month until June 1, 1986, at which time the alimony obligation returned to $150 per month.

Although we are unable to find any Nebraska Supreme Court case specifically addressing the propriety of temporarily modifying alimony for a fixed period of time, we note that a temporary modification of child support was apparently affirmed in *Ferguson v. Ferguson*, 224 Neb. 763, 401 N.W.2d 165 (1987). Additionally, other jurisdictions have approved of temporary modifications of alimony. See, e.g., *In re Marriage of Ward*, 740 P.2d 18 (Colo. 1987) (temporary modification of maintenance award within discretion of trial court); *Taylor v. Taylor*, 8 Ark. App. 6, 648 S.W.2d 505 (1983) (trial court may order temporary modification of alimony). See, also, *In re Marriage of Betts*, 172 Ill. App. 3d 742, 526 N.E.2d 1138 (1988) (2–month reduction of child support obligation). Although we are not reviewing this order on appeal, it does not appear that the district court abused its discretion in temporarily modifying Tony's alimony obligation to $75 per month from August 1985 to June 1986.

The September 1985 order is, to the extent it is a conditional order, void and of no force and effect. To the extent the September 1985 order provides for Tony's alimony obligation to be temporarily reduced until June 1986, it is valid, and Tony's alimony obligation returned to $150 per month effective June 1, 1986.

## 2. 1990 ORDER

On April 11, 1989, Linda filed a pleading captioned "Application to Determine Arrearage and Modify Decree," alleging Tony was in arrears with regard to his alimony payments. Linda alleged that the employment condition of the September 1985 modification order had been satisfied and that Tony was therefore obligated to increase his alimony payments to $150 per month, but that Tony had not done so. Linda sought enforcement of the September 1985 order and a determination of the amount of arrearage. On June 1, 1989, Tony answered Linda's application and denied that the employment condition had been satisfied.

On August 27, 1990, the district court conducted a hearing on Linda's application. Tony failed to appear for the hearing. On September 11, the court entered an order finding that the employment condition had been satisfied on June 1, 1986, and that Tony should have increased his alimony payments to $150 per month beginning on June 1, 1986. The court ordered Tony to pay $150 per month effective September 1, 1990, and ordered the clerk to determine the arrearages consistent with the court's findings.

To the extent the September 1990 order can be read as enforcing the conditional portion of the September 1985 order, it is invalid because it enforces a void order. See, *County of Sherman v. Evans*, 247 Neb. 288, 526 N.W.2d 232 (1995); *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992); *State v. Wessels and Cheek*, 232 Neb. 56, 439 N.W.2d 484 (1989) (void order has no effect). To the extent the September 1990 order determined that Tony's alimony obligation should have returned to $150 per month effective June 1, 1986, it is consistent with our findings above interpreting the September 1985 order.

## 3. 1994 ORDER

Installments of alimony become vested as they accrue, and courts are generally without authority to retroactively cancel or reduce accrued amounts. See, Neb. Rev. Stat. § 42-365 (Reissue 1993) ("[*u*]*nless* amounts have accrued prior to the date of service of process on a petition to modify, orders

for alimony may be modified or revoked for good cause shown" (emphasis supplied)); *Creager v. Creager*, 219 Neb. 760, 366 N.W.2d 414 (1985); *Wolter v. Wolter*, 183 Neb. 160, 158 N.W.2d 616 (1968). See, also, *Contra Costa Cty. ex rel. Petersen v. Petersen*, 234 Neb. 418, 451 N.W.2d 390 (1990) (courts generally without authority to retroactively modify child support obligations); *Robbins v. Robbins*, 3 Neb. App. 953, 536 N.W.2d 77 (1995) (generally courts are without authority to reduce amounts of accrued payments).

Because the arrearages should have been computed at $150 per month commencing June 1, 1986, the district court committed prejudicial error by computing the arrearages at $75 per month from June 1, 1986, through September 1, 1990. This error rises to the level of an abuse of discretion.

## VI. CONCLUSION

Finding that the original modification order was, in part, a conditional order, we hold that the alimony obligation was temporarily modified to $75 per month until June 1, 1986. On June 1, 1986, the obligation returned to $150 per month. Finding the district court abused its discretion by computing arrearages at $75 per month from June 1, 1986, to September 1, 1990, we reverse, and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.