Bonnie Nichols, appellant, v.
Margie Nichols, appellee.
___ N.W.2d ___

Filed June 13, 2014.    No. S-13-841.

1. **Jurisdiction: Appeal and Error.** The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
4. **Judgments: Final Orders: Equity.** In an equitable case, conditional orders are void insofar as they purport to be final judgments.
5. **Judgments: Final Orders: Words and Phrases.** A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist.
6. **Judgments: Final Orders.** "Conditional judgments" are not final determinations of the rights and obligations of the parties as they presently exist, but, rather, look to the future in an attempt to judge the unknown.
7. ____: ____. While conditional orders will not automatically become final judgments upon the occurrence of the specified conditions, they can operate in conjunction with a further consideration of the court as to whether the conditions have been met, at which time a final judgment may be made.
8. **Judgments: Final Orders: Time: Appeal and Error.** An appeal cannot be taken from a conditional order purporting to dismiss a pleading in the future upon the occurrence of an event.
9. **Constitutional Law: Jurisdiction: Appeal and Error.** Except in those cases wherein original jurisdiction is specially conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction, and such appellate jurisdiction can be conferred only in the manner provided by statute.
10. **Actions: Judgments: Final Orders.** A conditional order is not a judgment, because it is not the final determination of the rights of the parties in an action.
11. **Motions to Dismiss: Judgments: Complaints: Appeal and Error.** No appeal can be taken from an order that grants a motion to dismiss a complaint but allows time in which to file an amended complaint; such a conditional order is not a judgment.

Appeal from the District Court for Lancaster County: Stephanie F. Stacy, Judge. Appeal dismissed.

Megan N. Mikolajczyk and David A. Domina, of Domina Law Group, P.C., L.L.O., for appellant.

No appearance for appellee.

Jon Bruning, Attorney General, and James D. Smith for amicus curiae State of Nebraska.

Jennifer Gaughan for amicus curiae Legal Aid of Nebraska.

Amy A. Miller for amicus curiae American Civil Liberties Union Foundation of Nebraska.

Martin A. Cannon, Edward A. Morse, and Andrew M. Hollingsead for amicus curiae Thomas More Society-Omaha.

Dave Bydalek, of Nebraska Family Alliance, and James R. Cunningham, of Nebraska Catholic Conference, for amici curiae Nebraska Family Alliance and Nebraska Catholic Conference.

HEAVICAN, C.J., CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ., and PIRTLE, Judge.

CASSEL, J.

## INTRODUCTION

Bonnie Nichols attempted to obtain a dissolution of her Iowa same-sex marriage to Margie Nichols. The district court granted Margie's motion to dismiss but allowed Bonnie to amend her complaint. The court's order purported to dismiss Bonnie's complaint in the future if she failed to amend it within a specified time. After the time expired and without further court action, Bonnie appealed. The court's conditional order, under long-established precedent, cannot perform as a final judgment. Nebraska statutes govern judgments and appeal procedures, and Nebraska's shift to notice pleading did not change those statutes. Because there was no final judgment, we must dismiss the appeal.

## BACKGROUND

According to the complaint, Bonnie and Margie were married in Iowa in 2009. In 2012, Bonnie filed a complaint in the district court for Lancaster County to dissolve the union

described in the complaint. The complaint also requested a determination of custody and parenting time for the parties' child and an equitable division of the parties' property.

Margie moved to dismiss the action. She alleged that a Nebraska court lacked jurisdiction to dissolve a same-sex marriage.

On August 30, 2013, the district court entered an order granting Margie's motion to dismiss for lack of subject matter jurisdiction. The court concluded that it lacked subject matter jurisdiction to dissolve the same-sex marriage, because granting a dissolution of marriage under Nebraska law necessarily involves recognizing the marriage and Nebraska's Constitution prohibits recognizing a same-sex marriage.[1] The court also rejected Bonnie's argument that Nebraska courts have jurisdiction under the doctrine of comity. The court gave Bonnie 15 days to file an amended complaint if she wished to pursue relief under a different legal theory. The order stated, "If no Amended Complaint is filed within 15 days, this matter will stand dismissed, with prejudice."

Bonnie did not file an amended complaint. The district court did not enter a judgment dismissing the action. On September 27, 2013, Bonnie filed a notice of appeal, stating that an order was entered on August 30 and "was formally dismissed with prejudice on September 14, 2013." We granted Bonnie's petition to bypass the Nebraska Court of Appeals and directed supplemental briefing regarding the continued vitality of our conditional order case law.

## ASSIGNMENTS OF ERROR

Bonnie assigns, restated and consolidated, that the district court erred in (1) failing to give full faith and credit to a valid marriage in a sister state; (2) dismissing the complaint based on Neb. Const. art. I, § 29, when that provision violates provisions and amendments of the U.S. Constitution; and (3) denying Bonnie equal protection of the law and refusing to exercise

---

[1] See Neb. Const. art. I, § 29.

subject matter jurisdiction on the ground that the parties are of the same gender.

## STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law, which an appellate court resolves independently of the trial court.[2]

## ANALYSIS

[2,3] We must first confront the absence of a judgment dismissing the complaint. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[3] For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[4] The court's August 30, 2013, order gave Bonnie time to file an amended complaint and stated that the matter would stand dismissed if no amended complaint was filed within 15 days. This was a conditional order.

[4-7] In an equitable case, conditional orders are void insofar as they purport to be final judgments.[5] This is because a "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist.[6] "Conditional judgments" are not final determinations of the rights and obligations of the parties as they presently exist, but, rather, look to the future in an attempt to judge the unknown.[7] While conditional orders will not automatically become final judgments upon the occurrence of the specified conditions, they can operate in conjunction with a further consideration of

---

[2] *In re Estate of McKillip*, 284 Neb. 367, 820 N.W.2d 868 (2012).

[3] *Carney v. Miller*, 287 Neb. 400, 842 N.W.2d 782 (2014).

[4] *Jacobitz v. Aurora Co-op*, 287 Neb. 97, 841 N.W.2d 377 (2013).

[5] See *Strunk v. Chromy-Strunk*, 270 Neb. 917, 708 N.W.2d 821 (2006).

[6] *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[7] *Id*.

the court as to whether the conditions have been met, at which time a final judgment may be made.[8]

[8] We have long held that an appeal cannot be taken from a conditional order purporting to dismiss a pleading in the future upon the occurrence of an event. In *Federal Land Bank of Omaha v. Johnson*,[9] the trial court sustained a demurrer and ordered that "'the Plaintiff be and it hereby is allowed ten days in which to further amend its Petition and upon Plaintiff's failure to so amend, this matter shall be automatically dismissed at Plaintiff's cost.'" This court determined that the order was a conditional order and not a final judgment and, thus, that an appeal from it could not be taken. And in *Schaad v. Simms*,[10] the trial court entered in its docket notes, "'Plaintiff is given 14 days to file second amended petition or to select to stand on amended petition, in which instance [one of the defendants] will stand dismissed from this action without further hearing.'" But because there was no order actually dismissing the action, we determined that there was no final and appealable order and, thus, no appellate jurisdiction. We have consistently rejected attempts to appeal from orders purporting to become effective in the future upon the failure of a condition.[11]

Bonnie urges that our conditional order jurisprudence was abandoned in Nebraska's shift to a notice pleading system. We disagree. Since our move to a notice pleading system, we have not discussed the appealability of a conditional order. In one instance, a conditional order was followed by a final judgment and we addressed the appeal's merits.[12] But in that case, we did not discuss jurisdiction.

---

[8] *Id.*

[9] *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 878, 415 N.W.2d 478, 479 (1987).

[10] *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474, 475 (1992).

[11] See, e.g., *County of Sherman v. Evans*, 247 Neb. 288, 526 N.W.2d 232 (1995); *Snell v. Snell*, 230 Neb. 764, 433 N.W.2d 200 (1988); *Building Systems, Inc. v. Medical Center, Ltd.*, 228 Neb. 168, 421 N.W.2d 773 (1988); *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973).

[12] See *State ex rel. Jacob v. Bohn*, 271 Neb. 424, 711 N.W.2d 884 (2006).

[9] The shift from code to notice pleading did not change the statutory procedures governing judgments and appeals. Except in those cases wherein original jurisdiction is specially conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction, and such appellate jurisdiction can be conferred only in the manner provided by statute.[13] Thus, we must look to our statutes to determine whether we have jurisdiction of an appeal.

[10] Treating a conditional order as appealable would not be consistent with our statutory framework governing judgments and appeals. First, a conditional order is not a judgment, because it is not "the final determination of the rights of the parties in an action."[14] Thus, by definition, a conditional order is not a judgment. Second, our statute requires a specific procedure for entry of a judgment in order to measure the time for appeal from the clerk's file stamp on the judgment. In 1999, the Legislature amended the law concerning judgments to clarify when rendition and entry of a judgment occurs.[15] Rendition of a judgment happens when the judge makes and signs a written notation of the relief granted or denied in an action.[16] "The entry of a judgment . . . occurs when the clerk of the court places the file stamp and date upon the judgment . . . ."[17] The date of entry stamped on the judgment is used to determine the time for appeal.[18] Thus, the statute dictates that the time for taking an appeal will be measured uniformly from the date of the court clerk's file stamp on the judgment. The 1999 legislation made corresponding changes to other statutes governing appeals.[19] These amendments ensured certainty in the appeal process.

---

[13] *Waite v. City of Omaha*, 263 Neb. 589, 641 N.W.2d 351 (2002).

[14] See Neb. Rev. Stat. § 25-1301(1) (Reissue 2008).

[15] See 1999 Neb. Laws, L.B. 43, § 3.

[16] See § 25-1301(2).

[17] § 25-1301(3).

[18] See *id*.

[19] See L.B. 43, § 8 et seq.

Allowing an appeal to be taken from a conditional order would defeat the purpose of this legislation.

Because Nebraska did not adopt the federal rules governing judgments and appeals, federal case law provides little assistance. We often look to federal decisions for guidance where our rule of procedure is identical to the equivalent federal rule.[20] Although Nebraska's notice pleading rules largely import the language of the equivalent federal rules, the federal courts follow a different framework of rules governing entry of judgment and taking of appeals. Federal courts have pointed to Fed. R. Civ. P. 58, a rule that addresses entering judgment. But Nebraska did not adopt rule 58; rather, our jurisprudence is driven by statute. Consequently, the federal decisions are not persuasive authority.

But, for the sake of completeness, we note that most federal courts reach the same result regarding conditional orders. The U.S. Supreme Court has determined that an order dismissing a complaint, but granting leave to amend, is not final.[21] Numerous federal circuit courts articulate the same principle in various ways. Several circuits have held that an order dismissing a complaint with leave to amend is not final.[22] One circuit court added that when it is clear that the pleading may be saved by proper amendment, there is no appealable order

---

[20] See, e.g., *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013) (looking to federal decisions for guidance regarding Neb. Ct. R. Pldg. § 6-1112(b)).

[21] See *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 78 S. Ct. 764, 2 L. Ed. 2d 806 (1958).

[22] See, e.g., *Hunt v. Hopkins*, 266 F.3d 934 (8th Cir. 2001); *Trotter v. Regents of University of New Mexico*, 219 F.3d 1179 (10th Cir. 2000); *Santoro v. CTC Foreclosures Services Corp.*, 193 F.3d 1106 (9th Cir. 1999); *Bastian v. Petren Resources Corp.*, 892 F.2d 680 (7th Cir. 1990); *Blanco v. United States*, 775 F.2d 53 (2d Cir. 1985); *Richards v. Dunne*, 325 F.2d 155 (1st Cir. 1963); *Groves v. City of Darlington, S.C.*, 346 Fed. Appx. 965 (4th Cir. 2009). See, also, *Anastasiadis v. S.S. Little John*, 339 F.2d 538 (5th Cir. 1964) (order staying action for period of time to allow commencement of action in different jurisdiction at which time court would enter order dismissing action was conditional and not final).

where the court dismisses the complaint without prejudice to amendment.[23]

We acknowledge that the federal courts are not unanimous. Some courts have reasoned that a dismissal order with leave to amend becomes final as of the end of the amendment period or when a plaintiff appeals, thereby waiving the filing of an amended complaint.[24] Another circuit court has stated that an order granting a motion to dismiss the complaint, without prejudice, was final where the plaintiff clearly indicated an intent to stand on the original complaint and that once the amendment period expired, the order had the effect of dismissing the improperly pleaded claims with prejudice.[25]

State courts with notice pleading systems also tend to take two different approaches. One approach is to declare an order dismissing the complaint but granting leave to amend to be interlocutory and not appealable by the plaintiffs.[26] The other approach is to treat the order as final when the plaintiff files a notice of appeal instead of filing an amended complaint.[27] But as we have already determined, only the first approach is consistent with Nebraska's statutory framework governing judgments and appeals.

[11] We believe our jurisprudence regarding the appealability of conditional orders remains sound after our move to a notice pleading system, and we continue to adhere to it. Thus, no appeal can be taken from an order that grants a motion to dismiss a complaint but allows time in which to

---

[23] See *Azar v. Conley*, 480 F.2d 220 (6th Cir. 1973).

[24] See, *Phonometrics v. Hospitality Franchise Systems*, 203 F.3d 790 (Fed. Cir. 2000); *Albiero v. City of Kankakee*, 122 F.3d 417 (7th Cir. 1997); *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442 (11th Cir. 1986).

[25] *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007). See, also, *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976) (plaintiff can convert dismissal with leave to amend into final order by electing to stand on complaint).

[26] See *Day v. Coffey*, 68 N.C. App. 509, 315 S.E.2d 96 (1984).

[27] See, e.g., *Purnell v. Covington County Bd. of Educ.*, 519 So. 2d 560 (Ala. Civ. App. 1987); *Garver v. Public Service Company of New Mexico*, 77 N.M. 262, 421 P.2d 788 (1966); *Avin v. Verta*, 106 A.2d 145 (D.C. 1954).

file an amended complaint; such a conditional order is not a judgment.

## CONCLUSION

Because Bonnie appealed from a conditional order and not a final judgment, we lack jurisdiction over the appeal. Therefore, we must dismiss the appeal.

APPEAL DISMISSED.

WRIGHT, J., not participating.

_____

STATE OF NEBRASKA, APPELLEE, V.
WELLINGTON J. CARNGBE, APPELLANT.
___ N.W.2d ___

Filed June 13, 2014.    No. S-13-1077.

1.  **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.
2.  **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.
3.  **Sentences.** Imposing a sentence within statutory limits is a matter entrusted to the discretion of the trial court.
4.  **Statutes: Appeal and Error.** An appellate court gives statutory language its plain and ordinary meaning.
5.  **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
6.  **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.
7.  **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.
8.  **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
9.  **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct,