State of Nebraska, appellee, v.
Daniel A. Meints, appellant.
___ N.W.2d ___

Filed September 25, 2015.    No. S-14-750.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Judgments: Final Orders: Time: Appeal and Error.** Typically, a party
   seeking to appeal from a judgment, decree, or final order made by the
   district court must file a notice of appeal in the district court within
   30 days.
3. **Judgments: Jurisdiction: Appeal and Error.** Orders which specify
   that a trial court will exercise its jurisdiction based upon future action or
   inaction by a party are conditional and therefore not appealable.
4. **Judgments: Records: Words and Phrases.** Rendition of a judgment is
   the act of the court in making and signing a written notation of the relief
   granted or denied in an action.
5. **Final Orders.** Entry of a final order occurs when the clerk of the court
   places the file stamp and date upon the final order.
6. **Final Orders: Appeal and Error.** The three types of final orders which
   may be reviewed on appeal under the provisions of Neb. Rev. Stat.
   § 25-1902 (Reissue 2008) are (1) an order which affects a substantial
   right in an action and which in effect determines the action and prevents
   a judgment, (2) an order affecting a substantial right made during a spe-
   cial proceeding, and (3) an order affecting a substantial right made on
   summary application in an action after a judgment is rendered.

Petition for further review from the Court of Appeals,
Inbody, Riedmann, and Bishop, Judges, on appeal thereto from
the District Court for Lancaster County, Robert R. Otte,
Judge, on appeal thereto from the County Court for Lancaster

County, Thomas W. Fox, Judge. Judgment of Court of Appeals reversed, and cause remanded with direction.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

John C. McQuinn, Chief Lincoln City Prosecutor, and Robert E. Caples for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

INTRODUCTION

The Nebraska Court of Appeals summarily dismissed Daniel A. Meints' appeal for lack of jurisdiction, and we granted Meints' petition for further review. The Court of Appeals' jurisdiction depends upon the finality and effectiveness of a series of district court orders. Because the district court's first order was conditional and its second order was never entered, Meints timely filed his notice of appeal from the only final, appealable order entered by the district court. We reverse the decision and remand the cause to the Court of Appeals with direction.

BACKGROUND

The county court convicted Meints of three municipal ordinance violations and sentenced him to pay fines and court costs. Meints appealed his county court convictions to the district court.

We summarize the timeline of the pertinent district court proceeding as follows:

• May 1, 2014: The district court purportedly dismissed the appeal because Meints failed to pay for the preparation of the transcript. The order stated that the "case is dismissed . . . as of this date subject to being reinstated if, within 14 days of the date of this order, [Meints] sets a motion for

reinstatement of the case for hearing with the court and files a motion for reinstatement with notice to the plaintiff."

• May 15, 2014: Meints filed a motion for an order reinstating his appeal and set the matter for hearing on May 30.

• May 30, 2014: Meints' request was denied via a docket entry. The docket entry was neither signed by the judge nor file stamped by the court clerk.

• June 10, 2014: Meints filed a motion asking the court to reconsider its May 30 order.

• July 25, 2014: The district court overruled the motion for reconsideration.

• August 25, 2014: Meints filed a notice of appeal from the district court.

The Court of Appeals summarily dismissed Meints' appeal under Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2012). Its minute entry quoted the following proposition from *State v. Hausmann*[1]: "A party can move the court to vacate or modify a final order—but if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it." Meints moved for rehearing, which motion the Court of Appeals overruled. We granted Meints' petition for further review.

## ASSIGNMENT OF ERROR

In Meints' petition for further review, he assigns that the Court of Appeals erred in dismissing his appeal as being out of time, because the order denying his motion for reconsideration was a final, appealable order.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[2]

---

[1] *State v. Hausmann*, 277 Neb. 819, 827, 765 N.W.2d 219, 225 (2009).

[2] *Castellar Partners v. AMP Limited*, 291 Neb. 163, 864 N.W.2d 391 (2015).

## ANALYSIS

[2] The issue before us is whether the Court of Appeals erred in dismissing Meints' appeal as being untimely. Typically, a party seeking to appeal from a judgment, decree, or final order made by the district court must file a notice of appeal in the district court within 30 days.[3] Meints filed a notice of appeal on August 25, 2014, stating an intent to appeal the orders from May 1, May 30, and July 25. We consider the finality and appealability of each order.

## First Order

[3] The Court of Appeals' minute entry suggests that it did not consider whether the May 1, 2014, order was conditional and, thus, not a final order. Orders which specify that a trial court will exercise its jurisdiction based upon future action or inaction by a party are conditional and therefore not appealable.[4]

Whether the May 1, 2014, order was conditional depends upon its specific wording. Contrary to the State's assertion at oral argument, the order did not state that the appeal was dismissed "period." The May 1 order stated that the case was dismissed, but the same sentence qualified the dismissal by adding that it was "subject to being reinstated" if, within 14 days, Meints filed a motion for reinstatement and set the motion for hearing. Thus, the "subject to" phrase expressly modified the purported dismissal.

This order differs from other conditional orders we have addressed which first state that if a specified action is not taken within a set amount of time, then the case will stand dismissed.[5] Here, the order first stated that the case was

---

[3] See Neb. Rev. Stat. § 25-1912(1) (Reissue 2008).

[4] *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999).

[5] See, e.g., *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014); *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992); *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987).

dismissed, then provided for a way to "undo" the dismissal. And in a similar situation, we found an order to be conditional where it denied a temporary injunction, but gave the parties 14 days to advise the court of any reason why the decision should not become the final decision.[6]

We conclude that the May 1, 2014, order did not finally and conclusively dismiss Meints' appeal; rather, the order was conditional, because under its terms, the dismissal was not effective if a motion for reinstatement was filed within 14 days. And because it was conditional, the May 1 order was not a final, appealable order.

This conclusion flows from the particular words used in the May 1, 2014, order. Had the order simply stated that the appeal was "dismissed as of this date," it would have been final and appealable. But in this context, the word "subject" means "[d]ependent on . . . some contingency."[7] Here, the contingency was the opportunity afforded Meints to file a motion for reinstatement properly set for hearing and with notice to the State. By making the May 1 dismissal "subject to" the contingency, the district court created a conditional order. Having concluded that the May 1 order was not a final order, we turn to the court's next order.

## SECOND ORDER

The May 30, 2014, order would have been final, but it was never entered. The content of the docket entry was not conditional; it expressly denied Meints' motion for reinstatement.

[4,5] But the docket entry for that date was neither signed nor file stamped. Rendition of a judgment is the act of the court in making and signing a written notation of the relief granted or denied in an action.[8] Entry of a final order occurs when

---

[6] See *State ex rel. Stenberg v. Moore, supra* note 4.

[7] Black's Law Dictionary 1651 (10th ed. 2014).

[8] See Neb. Rev. Stat. § 25-1301(2) (Reissue 2008).

the clerk of the court places the file stamp and date upon the final order.[9]

The May 30, 2014, docket entry was not a final order, because it was neither signed by the judge nor file stamped and dated by the clerk. Both counsel conceded as much at oral argument. Thus, for different reasons, neither the May 1 nor the May 30 order was final and appealable.

### Third Order

[6] The July 25, 2014, order was a final, appealable order. In this order, the district court noted that it had "signed the Order (Of Dismissal)" on April 30 and that it had been filed on May 1. By this language, the court confirmed the dismissal, but without any condition. And the July 25 order expressly overruled Meints' motion for reconsideration. The three types of final orders which may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2008) are (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.[10] The July 25 order was one which affected a substantial right and which determined the action and prevented a judgment. And it did so regarding both the dismissal of the appeal for failure to pay for the transcript and the denial of the motion for reconsideration.

Meints timely appealed from the July 25, 2014, order. Ordinarily, the deadline for appeal would have been August 24, but because that day fell on a Sunday, Meints' notice of appeal filed on August 25 was timely.[11] Because Meints timely filed a notice of appeal from the only final order properly

---

[9] See § 25-1301(3).

[10] *State v. Pratt*, 273 Neb. 817, 733 N.W.2d 868 (2007).

[11] See Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2014).

entered in this case, the Court of Appeals erred in dismissing the appeal.

## CONCLUSION

Because Meints filed his notice of appeal within 30 days of the district court's final order, we conclude that the Court of Appeals erred in dismissing his appeal for lack of jurisdiction. We therefore reverse the decision of the Court of Appeals and remand the cause to that court with direction to reinstate Meints' appeal. We recognize that at the time of the Court of Appeals' dismissal, the parties had not yet filed appellate briefs. Thus, the court will need to establish a briefing schedule on the merits.

Reversed and remanded with direction.