IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MEINTS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL A. MEINTS, APPELLANT.

Filed May 10, 2016.    No. A-14-750.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge, on appeal thereto from the County Court for Lancaster County, THOMAS W. FOX, Judge. Judgment of District Court affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

John C. McQuinn, Chief Lincoln City Prosecutor, and Robert E. Caples for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

INBODY, Judge.

INTRODUCTION

Daniel A. Meints appeals from the Lancaster County District Court order dismissing his appeal and denying his motion to reconsider his request for an order reinstating his appeal.

STATEMENT OF FACTS

In January 2014, the Lancaster County Court found Meints guilty of operating a motor vehicle while his license was suspended but eligible for reinstatement, improper registration, and no proof of financial responsibility. On February 28, Meints was ordered to pay a total of $350 in fines for the offenses. Meints filed his notice of appeal and paid the filing fee on March 31; however, he did not file a praecipe for the transcript, nor file a payment for its preparation. On

- 1 -

April 10, a notice was filed by the deputy clerk stating that no fee or request had been received for the preparation of the transcript of the pleadings for the appeal in Meints' case.

On May 1, 2014, the district court filed a conditional order of dismissal noting that Neb. Rev. Stat. § 25-2731(1) (Reissue 2008) provides that within 10 days of the perfection of an appeal, which occurred when the defendant filed his notice of appeal and paid the docket fee, the clerk of the county court is required to transmit a certified copy of the transcript to the district court upon receipt of which the clerk of the district court is to docket the defendant's appeal. Further, the district court noted that county court rules provide that an appeal may be dismissed for failure to make payment for the transcript. See Neb. Ct. R. of Cty. Ct. § 6-1452(4)(b). The district court found that since the record revealed that Meints had failed to request or pay for the preparation of a transcript of the pleadings to the clerk of the county court, "this case is dismissed (for failure to comply with § 25-2731(1)) as of this date subject to being reinstated if, within 14 days of the date of this order, the defendant sets a motion for reinstatement of the case for hearing with the court and files a motion for reinstatement with notice to the [State]." This order was a conditional order and thus, was not a final, appealable order. See *State v. Meints*, 291 Neb. 869, 873, 869 N.W.2d 343, 346 (2015).

That same day, May 1, 2014, Meints filed a praecipe for the transcript. On May 15, Meints filed a motion for reinstatement of his appeal and the hearing thereon was set for May 30 at 8:45 a.m. Notice of the motion for reinstatement and the hearing thereon was provided to the State by electronic service. The hearing commenced as scheduled on May 30; however, Meints' attorney did not appear. The district court stated that "[s]eeing that [Meints' attorney] is not here, I'll deny the motion and dismiss the appeal." The judge's notes stated, in part, "[m]otion to reinstate appeal denied. The appeal is dismissed. Mandate to follow." However, the content of this docket entry was neither signed by the judge nor file stamped and thus, was not a final, appealable order. See *State v. Meints*, 291 Neb. at 874-75, 869 N.W.2d at 346-47.

On June 10, 2014, Meints filed a motion requesting that the district court reconsider its denial of his motion to reinstate his appeal. A hearing on this motion for reconsideration was held on June 27. Four exhibits were received into evidence: a copy of the district court's May 1, 2014 order; a copy of the Lancaster County bill of exceptions estimate and costs of appeal; a case summary JUSTICE printout for the district court appeal in Meints' case; and a case summary JUSTICE printout from the underlying county court case which indicated receipt of both the payment for the appeal transcript and deposit for the bill of exceptions on May 23, 2014.

On July 25, 2014, the district court confirmed the order of dismissal filed on May 1, but without any condition. Further, the July 25 order expressly overruled Meints' motion for reconsideration. The district court recognized its inherent power to modify or vacate a prior order during the term in which the judgment was rendered, but declined to do so in Meints' case, finding that doing so would be "arbitrary and subjective since there has been no good showing upon which the court could base the decision." The district court's July 25 order affected a substantial right and determined the action and prevented a judgment; further, it did so regarding both the dismissal of Meints' appeal for failure to pay for the transcript and the denial of Meints' motion for reconsideration. See *State v. Meints*, *supra*. The July 25 order was the only final order properly entered in this case and Meints has timely appealed to this court. *Id.*

ASSIGNMENT OF ERROR

Meints contends that the district court erred in failing to reinstate his appeal from the Lancaster County Court.

ANALYSIS

In its July 25, 2014, order, the district court confirmed the dismissal of Meints' appeal, recognized its inherent power to modify or vacate a prior order during the term in which the judgment was rendered but declined to do so in Meints' case, and expressly denied Meints' motion for reconsideration.

A motion for reconsideration is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment. *Maxwell v. Montey*, 262 Neb. 160, 631 N.W.2d 455 (2001). "[A] court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute." *Kibler v. Kibler*, 287 Neb. 1027, 1029, 845 N.W.2d 585, 588 (2014). A district court sitting as an appellate court has the same inherent power to reconsider its orders as it does when it is a court of original jurisdiction. *Capitol Const., Inc. v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010).

The decision to vacate an order any time during the term in which the judgment is rendered is within the discretion of the court; such a decision will be reversed only if it is shown that the district court abused its discretion. *Kibler v. Kibler*, *supra*. An abuse of discretion occurs when the trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. "Although a court's decision to vacate an order is discretionary, 'this discretion is not an arbitrary one. It must be exercised reasonably and depends upon the facts and circumstances in each case as shown by the record.'" *Talkington v. Womens Services, P.C.*, 256 Neb. 2, 6, 588 N.W.2d 790, 794 (1999) quoting *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982).

In declining to utilize its inherent power to modify or vacate its prior order, the district court found that doing so would be "arbitrary and subjective since there has been no good showing upon which the court could base the decision." Meints argues in his brief that the deficiency giving rise to the dismissal was not through his own fault because the billing for the transcript was not mailed until May 7, 2014. However, § 6-1452(A)(1)(a)of the Uniform County Court Rules of Practice and Procedure provides, in part, that the "[a]ppellant shall file a request for preparation of the transcript of pleadings at the time of filing the notice of appeal." Subsection (4)(a) of this section provides that "[t]he party making the request shall pay the estimated cost of the transcript to the county court before preparation of the transcript may begin." "An appeal may be dismissed for failure to make payments for the transcript except in cases where a poverty affidavit has been filed." § 6-1452(4)(b).

Meints further argues that following the district court's May 1, 2014 dismissal order, he was diligent in causing his appeal to progress. The record does show that Meints filed a praecipe for the transcript on May 1 and he paid the fee for the preparation of the transcript on May 23. Although Meints filed his notice of appeal and paid the filing fee on March 31, he did not file a praecipe for preparation for the transcript or payment for its preparation within the 10 days allowed

by statute. See Neb. Rev. Stat. § 25-2731 (Reissue 2008) ("A copy of any bond or undertaking shall be transmitted to the clerk of the district court within ten days of filing"). On April 10, a notice was filed by the deputy clerk stating that no fee or request had been received for the preparation of the transcript of the pleadings for the appeal in Meints' case. See § 6-1452(4)(b) ("If payment for the transcript has not been received within the time allowed under Neb. Rev. Stat. § 25-2731, and no poverty affidavit has been filed, the clerk of the county court shall send a certified copy of the notice of appeal to the clerk of the district court, together with a statement that the fee has not been paid").

"An appeal may be dismissed for failure to make payments for the transcript except in cases where a poverty affidavit has been filed. If payment for the transcript has not been received within the time allowed under Neb. Rev. Stat. § 25-2731, and no poverty affidavit has been filed, the clerk of the county court shall send a certified copy of the notice of appeal to the clerk of the district court, together with a statement that the fee has not been paid." § 6-1452(4)(b). The district court was not required to exercise its inherent power to modify or vacate a prior judgment and it declined to do so. We cannot say that the district court's decision constituted an abuse of discretion; therefore, the district court's July 25, 2014, order is affirmed.

AFFIRMED.